IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT JACKSON

APRIL 1997 SESSION

FILED

September 17, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| ROBERT E. PARKER, | ) | NO. 02C01-9605-CR-00143 |
| | ) | |
| Appellant | ) | SHELBY COUNTY |
| | ) | |
| V. | ) | HON. JOSEPH B. DAILEY, JUDGE |
| | ) | |
| STATE OF TENNESSEE, | ) | (Post-Conviction) |
| | ) | |
| Appellee | ) | |

FOR THE Appellant

Thomas C. Fila
One Memphis Place
200 Jefferson Avenue, Suite 1025
Memphis, Tennessee 38103

FOR THE APPELLEE

John Knox Walkup
Attorney General and Reporter
450 James Robertson Parkway
Nashville, Tennessee 37243-0493

Clinton J. Morgan
Assistant Attorney General
450 James Robertson Parkway
Nashville, Tennessee 37243-0493

John W. Pierotti
District Attorney General
201 Poplar Avenue
Memphis, Tennessee 38103-1947

David Henry
Assistant District Attorney General
201 Poplar Avenue
Memphis, Tennessee 38103-1947

OPINION FILED:_____

AFFIRMED

William M. Barker, Judge

The appellant, Robert E. Parker, appeals as of right the judgment of the Shelby County Criminal Court dismissing his petition for post-conviction relief.  He argues on appeal that the trial court erred in finding that he received the effective assistance of counsel. He contends that the trial court was in error because his trial counsel failed to conduct an adequate investigation, failed to adequately and effectively confer with him prior to trial, and failed to secure the attendance at trial of two witnesses the appellant believed favorable to his defense.  Following our review of the record on appeal, we find no reversible error and affirm the trial court's dismissal of the post-conviction petition.

On July 9, 1991, a robbery occurred at Butler's Sundry in Memphis, Tennessee.  During the course of the robbery, Gloria Butler was shot and injured and approximately seven hundred dollars ($700.00) was stolen by two assailants.  After the robbery, Ms. Butler identified the appellant through a photographic lineup as one of the two robbers, and he was arrested soon thereafter.  Following his arrest, the appellant gave a statement to the police admitting that he had participated, along with a co-defendant, in the robbery.  Before trial, the appellant's attorney moved to suppress the appellant's confession, but the motion was overruled following an evidentiary hearing.

At trial, Gloria Butler positively identified the appellant as one of the robbers.  Additionally, the State introduced the appellant's confession.  The jury thereafter convicted the appellant of especially aggravated robbery.  He was sentenced to a term of thirty years imprisonment as a Range II offender.  He appealed his conviction to this court and we affirmed.  State v. Robert Parker, C.C.A. No. 02C01-9307-CR-00138 (Tenn. Crim. App., Jackson, July 13, 1994).  No application for permission to appeal was filed in our supreme court.  However, on September 7, 1994, the appellant filed a *pro se* post-conviction relief petition alleging that he received ineffective assistance of

counsel. The post-conviction court appointed counsel to represent the appellant, an amended petition was filed, and an evidentiary hearing was conducted.

The only two witnesses to testify at the evidentiary hearing were the appellant and his former counsel. The appellant testified that he was housed in the Shelby County Jail from the time of his arrest awaiting trial and that counsel's visits to him were infrequent and not productive. He said that no rapport developed between him and his counsel and that she would not file pretrial motions which he suggested. However, he failed to specify the nature of any motions he requested or that he was prejudiced thereby. Additionally, he testified that he furnished his counsel the names of two witnesses he thought favorable to his defense, but neither of them was called to testify on his behalf at trial. Although he offered no specifics, he generally felt that his trial counsel had inadequately investigated his case.

The State called the appellant's trial counsel as a witness. She testified that she is employed by the Shelby County Public Defender's office and that office had represented the appellant initially in the general sessions court, then the trial court, and finally on his appeal to this court. She was assigned to represent the appellant following his indictment in the criminal court, and she met with him on numerous occasions. She testified that investigators from the public defender's office had interviewed all of the witnesses for the State and that she had been given access to the entire file of the prosecutor for review. She further testified that she inquired of the appellant on two occasions concerning any witnesses that he desired on his behalf at trial, and on both occasions he indicated that he had none. On one such occasion, he placed his initials in his counsel's file indicating that he desired that no witnesses be subpoenaed.

Appellant's counsel also testified that she filed a motion to suppress his confession and that the trial court had overruled the motion following an evidentiary hearing. It was her view that with the eyewitness identification and the appellant's confession, there was a strong likelihood that the appellant would be convicted and

3

sentenced as a Range II offender if he went to trial. Accordingly, she negotiated a proposed plea bargain agreement with the State which would have allowed the appellant to receive a twenty year sentence as a Range I standard offender upon his plea of guilty. The appellant rejected the plea bargain offer and insisted upon trial.

Following the evidentiary hearing, the trial court entered an order finding that the appellant's counsel had provided him with "excellent representation," both before and during his trial. Accordingly, the trial court dismissed the petition for post-conviction relief.

In reviewing an appellant's Sixth Amendment claim of ineffective assistance of counsel, this Court must determine whether the advice given or services rendered by the attorney are within the range of competency demanded of attorneys in criminal cases. Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975). To prevail on a claim of ineffective assistance of counsel, a petitioner "must show that counsel's representation fell below an objective standard of reasonableness" and that this performance prejudiced the defense. There must be a reasonable probability that but for counsel's error, the result of the proceeding would have been different. Strickland v. Washington, 466 U.S. 668, 687-88, 692, 694, 104 S. Ct. 2052, 2064, 2067-68, 80 L. Ed. 2d 674 (1984); Best v. State, 708 S.W.2d 421, 422 (Tenn. Crim. App. 1985). The evidence introduced at the post-conviction hearing clearly supports the trial court's finding that appellant's trial counsel investigated his case sufficiently. An investigator from the public defender's office interviewed the State's potential witnesses. The appellant's counsel obtained the State's entire file in discovery and reviewed it. She also, on at least two occasions, asked the appellant if he could think of any witnesses to call in his defense, but he responded in the negative. The appellant's trial counsel filed and presented a motion to suppress his confession.

At the post-conviction hearing, the appellant claimed that two witnesses, whose testimony would have exonerated him, should have been called to testify at trial. However, the testimony of those witnesses was not presented at the post-conviction

4

hearing, and we may not speculate on the substance of their testimony.  See Black v. State, 794 S.W.2d 752, 757 (Tenn. Crim. App. 1990).

The findings of fact by a trial court following an evidentiary hearing on a petition for post-conviction relief are afforded the weight of a jury verdict, and this Court will not set aside the trial court's judgment unless the evidence contained in the record preponderates against those findings.  See State v. Adams, 859 S.W.2d 359, 361 (Tenn. Crim. App. 1992); State v. Killebrew, 760 S.W.2d 228, 233 (Tenn. Crim. App. 1988).  The trial court determined that the defendant was not denied his constitutional right to the effective assistance of counsel, and the evidence in the record on appeal does not preponderate against those findings.  Accordingly, the trial court is affirmed.

_____
WILLIAM M. BARKER, JUDGE

CONCUR:


_____
JOSEPH M. TIPTON, JUDGE


_____
DAVID G. HAYES, JUDGE