IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT JACKSON

NOVEMBER 1997 SESSION

FILED

| | | | |
|---|---|---|---|
| RICHARD NELSON, | * | C.C.A. # 02C01-9612-CR-00472 | |
| Appellant, | * | SHELBY COUNTY | **November 25, 1997** |
| VS. | * | Hon. Chris Craft, Judge | |
| STATE OF TENNESSEE, | * | (Post-Conviction) | **Cecil Crowson, Jr.** |
| Appellee. | * | | Appellate Court Clerk |


For Appellant:

Gerald Stanley Green, Attorney
147 Jefferson, Suite 1115
Memphis, TN  38103
(on appeal)

William B. Seligstein, Attorney
100 North Main Building
Memphis, TN  38103

For Appellee:

John Knox Walkup
Attorney General and Reporter

Deborah A. Tullis
Assistant Attorney General
425 Fifth Avenue North
Second Floor, Cordell Hull Building
Nashville, TN  37243

Daniel R. Woody and
James C. Beasley, Jr.
Assistant District Attorneys General
201 Poplar Avenue, Third Floor
Memphis, TN  38103


OPINION FILED:_____



AFFIRMED



GARY R. WADE, JUDGE

<u>OPINION</u>

The petitioner, Richard Nelson, appeals the trial court's denial of his petition for post-conviction relief. The single issue presented for review is whether the petitioner was afforded the effective assistance of counsel at his trial.

The petitioner was convicted of attempt to commit the first degree murder of Tamara Rogers, based on a shooting incident which occurred September 3, 1991. The trial court imposed a Range I sentence of 18 years. This court affirmed on direct appeal. <u>State v. Richard Nelson</u>, No. 02C01-9211-CR-00251 (Tenn. Crim. App., at Jackson, Oct. 13, 1993). There was no application for permission to appeal to the supreme court.

On December 14, 1994, the petitioner filed this application for post-conviction relief alleging, among other things, that his trial counsel was ineffective for failing to adequately cross-examine the victim, by failing to secure the presence of important defense witnesses, and by neglecting to place into evidence medical records which would have substantiated a prior head injury. The trial court made extensive findings of fact in denying relief and addressed each allegation of deficiency in performance on the part of trial counsel:

> [There was] nothing improper or seriously lacking with his attorney's cross-examination of the victim at trial and ... [the] petitioner has not shown in the proof how any different cross-examination in this trial would have affected the verdict.... The next allegation ... deals with his attorney's failure to subpoena ... Ann Arnold, Shirley Thompson, and Vera Weeks, which were all supposed to be alibi witnesses.... This court continued the hearing ... to allow petitioner to ... call [them] to testify.... [None] of them were ever produced by the petitioner to support his claims. Instead, the petitioner's ... brother, John Nelson, was called ... and testified that he was with petitioner the night of the offense with James Nelson [and] Vera Weeks ... (in contradiction to James Nelson's [trial] testimony that John was not present).... He also stated that Vera Weeks ... did not get home until 10:30 P.M. the

2

night of the offense....  There is nothing in the proof to show how the testimony of [the three women] would have helped petitioner at trial....  John Nelson placed Vera Weeks at work at 9:00 P.M., the time of the offense....  [T]he medical records ... were produced at the hearing ... [and] would have hurt the petitioner's ... defense.  They show the petitioner was only hospitalized for two days, from July 13 ... until July 15, 1991....  C.T. scans ... were normal....  These records indicate that his family considered him back to normal on July 15, more than six weeks prior to the shooting, and that his injuries, if any, were not serious....

In order for the petitioner to be granted relief on the basis of ineffective assistance of counsel, he must first establish that the services rendered or the advice given was below "the range of competence demanded of attorneys in criminal cases."  Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975).  Second, he must show that the deficiencies "actually had an adverse effect on the defense."  Strickland v. Washington, 466 U.S. 668, 693 (1984).  There must be a reasonable probability that but for counsel's errors, the results of the proceeding would have been different.  Strickland, 466 U.S. at 694; Best v. State, 708 S.W.2d 421, 422 (Tenn. Crim. App. 1985).  Should the petitioner fail to establish either factor, he is not entitled to relief.

When determining whether counsel's performance was deficient, "every effort [must] be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time."  Strickland, 466 U.S. at 689.  "Thus, the fact that a particular strategy or tactic failed or even hurt the defense does not, alone, support a claim of ineffective assistance."  Cooper v. State, 847 S.W.2d 521, 528 (Tenn. Crim. App. 1992).  We must defer to trial strategy and tactical choices when they are informed ones based upon adequate preparation.  Id.

3

Moreover, in Black v. State, 794 S.W.2d 752 (Tenn. Crim. App. 1990), this court enumerated the standard for establishing prejudice by counsel's failure to subpoena witnesses. To establish prejudice, the petitioner must: "(1) produce the witness at his post-conviction hearing; (2) show that through reasonable investigation, trial counsel could have located the witness; and (3) elicit both favorable and material testimony from the witness." Denton v. State, 945 S.W.2d 793, 802-03 (Tenn. Crim. App. 1996) (citing Black, 794 S.W.2d at 757). This standard requires petitioners to produce the uncalled witness at the post-conviction proceeding so that courts need not speculate as to the materiality of the testimony or credibility of the missing witness. Black, 794 S.W.2d at 758.

On appeal, the findings of fact made by the post-conviction court are conclusive and will not be disturbed unless the evidence contained in the record preponderates against them. Rhoden v. State, 816 S.W.2d 56, 60 (Tenn. Crim. App. 1991); Brooks v. State, 756 S.W.2d 288, 289 (Tenn. Crim. App. 1988). The burden is on the petitioner to show that the evidence preponderates against those findings. Clenny v. State, 576 S.W.2d 12, 14 (Tenn. Crim. App. 1978).

After carefully scrutinizing this record, it is our view that the evidence supports the conclusions of the trial court. The cross-examination of the victim was within professional guidelines. The petitioner failed to demonstrate how the witnesses not called at trial would have aided his defense. The medical records would have tended to undermine the petitioner's claims about the seriousness of his head injury. Thus we find nether deficiency in performance nor prejudice in result.

Accordingly, the judgment is affirmed.

_____

Gary R. Wade, Judge

CONCUR:


_____

David G. Hayes, Judge


_____

Joe G. Riley, Judge