# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

### FEBRUARY 1998 SESSION



**FILED**

**April 30, 1998**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

| | |
|---|---|
| **MARIO BOYD,** ) | |
| ) | **C.C.A. NO. 02C01-9703-CR-00110** |
| Appellant, ) | |
| ) | **SHELBY COUNTY** |
| VS. ) | |
| ) | **HON. L. T. LAFFERTY,** |
| **STATE OF TENNESSEE,** ) | **JUDGE** |
| ) | |
| Appellee. ) | (Post-conviction) |

FOR THE APPELLANT:                    FOR THE APPELLEE:


**THOMAS C. FILA**                    **JOHN KNOX WALKUP**
200 Jefferson Ave., Suite 925        Attorney General & Reporter
Memphis, TN   38103

                                     **GEORGIA BLYTHE FELNER**
                                     Counsel for the State
                                     450 James Robertson Pkwy.
                                     Nashville, TN  37243-0493


                                     **WILLIAM L. GIBBONS**
                                     District Attorney General


                                     **J. ROBERT CARTER**
                                     Asst. District Attorney General
                                     Criminal Justice Complex, Suite 301
                                     201 Poplar St.
                                     Memphis, TN   38103



OPINION FILED:_____



**AFFIRMED**



**JOHN H. PEAY,**
Judge

**O P I N I O N**

The petitioner was charged with first-degree murder and pled guilty to second-degree murder pursuant to a negotiated plea agreement. As part of the plea bargain, he was sentenced as a Range II multiple offender to thirty-five years incarceration. Absent the plea agreement, the petitioner would have been sentenced as a Range I offender. A little over a year after his plea, the petitioner filed for post-conviction relief alleging that he had received ineffective assistance of counsel and that his plea had not been knowingly and voluntarily entered. Following an evidentiary hearing, the court below denied relief and this appeal as of right followed. We affirm the court below.

"In post-conviction relief proceedings the petitioner has the burden of proving the allegations in his petition by a preponderance of the evidence." McBee v. State, 655 S.W.2d 191, 195 (Tenn. Crim. App. 1983). Furthermore, the factual findings of the trial court in hearings "are conclusive on appeal unless the evidence preponderates against the judgment." State v. Buford, 666 S.W.2d 473, 475 (Tenn. Crim. App. 1983).

This Court should not second-guess trial counsel's tactical and strategic choices unless those choices were uninformed because of inadequate preparation, Hellard v. State, 629 S.W.2d 4, 9 (Tenn. 1982), and counsel should not be deemed to have been ineffective merely because a different procedure or strategy might have produced a different result. Williams v. State, 599 S.W.2d 276, 280 (Tenn. Crim. App. 1980).

In reviewing the petitioner's Sixth Amendment claim of ineffective

2

assistance of counsel, this Court must determine whether the advice given or services rendered by the attorney are within the range of competence demanded of attorneys in criminal cases. Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975). To prevail on a claim of ineffective counsel, a petitioner "must show that counsel's representation fell below an objective standard of reasonableness" and that this performance prejudiced the defense. There must be a reasonable probability that but for counsel's error the result of the proceeding would have been different. Strickland v. Washington, 466 U.S. 668, 687-88, 692, 694 (1984); Best v. State, 708 S.W.2d 421, 422 (Tenn. Crim. App. 1985).

To satisfy the requirement of prejudice, he would have had to demonstrate a reasonable probability that, but for counsel's errors, he would not have pled guilty and would have insisted on going to trial. See Hill v. Lockart, 474 U.S. 52, 59 (1985); Bankston v. State, 815 S.W.2d 213, 215 (Tenn. Crim. App. 1991).

At the hearing on the petitioner's claim for relief, both the petitioner and his former lawyer testified. The petitioner's main complaint, as found by the court below, is that neither his lawyer nor the trial court had informed him that the minimum sentence available for second-degree murder was fifteen years, had he been convicted of that offense by a jury and subsequently sentenced as a Range I offender. He claims that, had he known this fact, he would not have pled guilty and would have gone to trial, in spite of the fact that he would have been tried for first-degree murder, and, had he been convicted of that offense, would have received a life sentence, albeit with the possibility of parole. The petitioner's former lawyer testified that he was sure he had informed the petitioner about the entire range of punishment for second-degree murder. The court below found that the lawyer's testimony was "more credible [on] this issue" and that "the State has proven by extrinsic evidence that the petitioner was aware of the range of

3

punishment for murder second degree." As the proof does not preponderate against these findings, this issue is without merit.

The petitioner further alleged that his lawyer did not adequately investigate the case, failed to prepare a defense, failed to confer with and inform him sufficiently, and failed to request expert services  In its findings on these allegations, the court below stated:

> [The petitioner's lawyer] met with [him] eight (8) times from arraignment to March 15, 1995. . . . [His lawyer] did not find it necessary to have the petitioner mentally examined since the Juvenile Court did this routinely. [The petitioner's attorney] was aware that the petitioner had a [7th] grade education. [He] . . . mailed to the petitioner copies of motions and discovery he had obtained from the State. The petitioner corroborated this testimony. [The petitioner's lawyer] was not able to prepare a defense to the charge of murder, as there were numerous scene witnesses; the two defendants gave implicating statements to the police; and the [petitioner] did not deny his involvement, but denied the shooting. The State advised [the petitioner's attorney] that in the event of trial, the co-defendant Anthony Jackson, would be a witness for the State and claim the petitioner was the shooter. [The petitioner's lawyer] was able to get the State to reduce the offer of settlement from 45 years to 35 years, always in Range II. The petitioner felt it was in his own best interest to plead guilty and accept 35 years in lieu of life.

Thus, the court below concluded that the petitioner "failed to prove factually and legally that [his former lawyer] violated the holdings [of Strickland v, Washington and Baxter v. Rose]".  Again, the proof does not preponderate against this finding, and this issue is therefore also without merit.

Upon our review of the entire record of this matter, the evidence does not preponderate against the lower court's findings.  Given these findings, the denial of relief was proper and we therefore affirm the court below.

4

_____
JOHN H. PEAY, Judge


CONCUR:


_____
JOE B. JONES, Judge


_____
THOMAS T. WOODALL, Judge