# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

### DECEMBER 1998 SESSION

FILED

March 19, 1999

Cecil Crowson, Jr.
Appellate Court Clerk



| | |
|---|---|
| ISAAC WILLIAMS, | ) |
| | ) C.C.A. No. 02C01-9802-CR-00049 |
| Appellant, | ) |
| | ) Shelby County |
| V. | ) |
| | ) Honorable Joseph B. Dailey, Judge |
| | ) |
| STATE OF TENNESSEE, | ) (Post Conviction--Aggravated Robbery) |
| | ) |
| Appellee. | ) |

FOR THE APPELLANT:

JOHN F. CANALE III
100 N. Main Building, Suite 1933
Memphis, TN 38103

FOR THE APPELLEE:

JOHN KNOX WALKUP
Attorney General & Reporter

GEORGIA BLYTHE FELNER
Counsel for the State
425 Fifth Avenue North
Nashville, TN 37243

WILLIAM L. GIBBONS
District Attorney General

LEE COFFEE
Assistant District Attorney General
Criminal Justice Center, Third Floor
201 Poplar Avenue
Memphis, TN 38103

OPINION FILED: _____

**AFFIRMED**

**JOHN EVERETT WILLIAMS,**
Judge

**O P I N I O N**

Isaac Williams appeals as of right from a judgment of the Shelby County Criminal Court denying his petition for post-conviction relief. On March 31, 1995, following a bench trial, the appellant was convicted of aggravated robbery and sentenced to twenty years' confinement as a Range III offender. This Court affirmed his conviction on direct appeal. See State v. Isaac Williams, No. 02C01-9507-CR-00205 (Tenn. Crim. App. filed Dec. 6, 1996, at Jackson). On March 6, 1997, the appellant filed a pro se petition for post-conviction relief alleging that his trial counsel was ineffective. Counsel was appointed, and the appellant filed an amended petition on April 30, 1997. Following an evidentiary hearing, the trial court denied relief. The sole issue for our review is whether the evidence preponderates against the findings of the trial court. We conclude that it does not and AFFIRM the judgment of the trial court.

A petitioner alleging ineffective assistance of counsel bears the burden of showing (1) that his or her counsel's representation was "deficient" and (2) that "the deficient performance prejudiced the defense." Strickland v. Washington, 466 U.S. 668, 687 (1984). To show deficient performance, the appellant must show that counsel's performance fell below an objective standard of reasonableness under prevailing professional norms and must demonstrate that counsel made errors so serious that he was not functioning as "counsel" guaranteed by the Constitution. See Strickland, 466 U.S. at 687. Counsel's performance is not deficient when "the advice given, or the services rendered by the attorney, are within the range of competence demanded of attorneys in criminal cases." Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975). A reviewing court must indulge a strong presumption that counsel's conduct falls within the range of reasonable professional assistance and must evaluate counsel's performance from counsel's perspective at the time of the alleged error and in light of the totality of the evidence. See Strickland, 466 U.S. at 695.

To establish prejudice, a petitioner must demonstrate a reasonable probability that, but for counsel's deficient performance, the result of the proceeding would have been different. See id. at 687-88, 692, 694; Best v. State, 708 S.W.2d 421, 422 (Tenn. Crim. App. 1985). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694.

In post-conviction proceedings, the petitioner bears the burden of establishing his or her factual allegations by clear and convincing evidence. See Tenn. Code Ann. § 40-30-210(f) (1997). Evidence is clear and convincing when there is no serious or substantial doubt about the correctness of the conclusions drawn from the evidence. See Hodges v. S.C. Toof & Co., 833 S.W.2d 896, 901, n.3 (Tenn. 1992). The findings of fact of the trial court are conclusive and binding on this Court unless the evidence preponderates against them. See Cooper v. State, 849 S.W.2d 744, 746 (Tenn. 1993) (citing Butler v. State, 789 S.W.2d 898, 899 (Tenn. 1990)). And, on appeal, the appellant bears the burden of illustrating how the evidence preponderates against the judgment of the trial court. See Black v. State, 794 S.W.2d 752, 755 (Tenn. Crim. App. 1990).

The appellant first contends that his trial attorney, Lila Kathleen Mitchell, was deficient in her examination of one of the state's witnesses, Officer James Holder. Holder testified at the appellant's trial regarding fingerprint evidence against the appellant. The appellant contends that Mitchell was ineffective in failing to retain an expert or to consult a treatise for the purpose of refuting this testimony. The appellant, however, has not shown or even alleged any benefit that might have been attained though expert testimony. Nor has he shown any deficiency in Mitchell's cross-examination of Holder or of her knowledge regarding fingerprint evidence. To the contrary, although Mitchell did not consult a reference on fingerprint evidence specifically for the appellant's trial, she

testified at the post-conviction hearing that she was familiar with the issues regarding such evidence.

Additionally, during his testimony at the appellant's preliminary hearing, Officer Holder indicated the appellant's offense occurred on March 14, 1992, rather than on the correct date of March 24, 1992. The appellant's trial counsel candidly admitted at the post-conviction hearing that she "missed" this factual inconsistency and, therefore, did not attempt to impeach the witness on this point. Nevertheless, the appellant has not shown a reasonable probability that the outcome of the proceeding would have been different had Holder been impeached. Even if Holder's testimony were completely disregarded, the remaining evidence, including a videotape of the appellant in the act of committing the robbery, was overwhelming. In fact, Mitchell stated at the post-conviction hearing that it was the "strongest evidence" she had ever seen, and that she had advised the appellant, in context of presenting a plea offer, that he did not have a "snowball's chance in hell" of acquittal. This issue is without merit.

The appellant next argues that Mitchell's performance was deficient in that she did not fully advise him regarding a plea offer presented by the state. The state had offered a range I, eight-year sentence in return for the appellant's guilty plea. The appellant contends that Mitchell failed to explain to him (1) the location at which he would be required to serve his sentence if he accepted this offer and (2) that the state's offer might be withdrawn if he failed to accept. Thus, the appellant asserts, he was precluded from making an informed decision regarding the state's offer. The appellant, however, did not raise this allegation in his petition below, and the trial court, therefore, did not determine the issue. As a result, we have no decision to review. This issue is without merit.

Finally,[1] the appellant alleges that Mitchell failed to instruct him regarding the jury selection process. On the day of the appellant's trial, the prosecution announced that the jury panel was present and that they were ready to proceed. The appellant then surprised Mitchell by announcing that he wished to waive his right to a jury trial and proceed with a bench trial instead. The appellant asserts that he took the prosecution's statement to mean that his jury had already been selected and that he did not understand that he would have been able to voir dire potential jurors. He stated that he would have proceeded to trial by jury had he understood the selection process.

The appellant admitted, however, that, having been convicted of seven prior felonies, he understands the criminal justice system quite well. Moreover, he admitted that the trial judge had instructed him regarding the jury selection process during the court's voir dire of the appellant prior to accepting his waiver of a jury trial. Thus, the record fully supports the trial court's conclusion that the appellant "fully understood what was taking place, that he fully understood his right to a jury trial and all that that entailed, and that he freely and voluntarily waived that right."

We conclude that the evidence in the record does not preponderate against the findings of the trial judge. Accordingly, the judgment of the trial court is affirmed.

---

[1] In the petition below, the appellant alleged additional deficiencies in the performance of his trial counsel including, among others, that she failed to interview or call an alibi witness and that she failed to show him certain incriminating photographs prior to the day of trail. In this appeal, however, the appellant does not challenge the trail court's finding that these allegations did not establish ineffective assistance of counsel. Because the appellant bears the burden of demonstrating to this Court how the evidence preponderates against the findings of the trial court, and because he has not attempted to do so with regard to these allegations, we presume the trial court's finding to be correct and will not further address these allegations.

_ _____

JOHN EVERETT WILLIAMS, Judge

CONCUR:

_____

GARY R. WADE, Judge

_____

THOMAS T. WOODALL, Judge