**Garland BEST, Appellant,**

v.

**STATE of Tennessee, Appellee.**

Court of Criminal Appeals of Tennessee, at Knoxville.

Dec. 12, 1985.

Permission to Appeal Denied By Supreme Court March 3, 1986.

Jon Chalmers Thompson, Madisonville, for appellant.

W.J. Michael Cody, State Atty. Gen. & Reporter, Albert L. Partee, III, Asst. State Atty. Gen., Nashville, Carroll L. Ross, Asst. Dist. Atty. Gen., Madisonville, for appellee.

## OPINION

BYERS, Judge.

The appellant appeals from the dismissal of a petition for post-conviction relief after an evidentiary hearing.

The appellant says he was represented by incompetent counsel in the convicting trial, and says in the hearing he should have been able to call his trial attorney as a hostile witness under the adverse party rule in Tenn.R.Civ.P. 43.02.

The judgment is affirmed.

■ The appellant claims his original trial attorney was incompetent because he did not ask for a continuance when a witness not listed on the indictment was allowed to testify.

The appellant says had the attorney asked for a continuance he could have found evidence to attack the credibility of this witness or to otherwise counter the testimony.

We are of the view this allegation does not entitle the appellant to relief for two reasons.

First, the appellant did not demonstrate, in the hearing on the post-conviction proceeding, that such evidence existed or that a continuance would have produced or been likely to produce anything of benefit to him. Even if the attorney's failure to ask for a continuance was negligent, and in this record it is not, the appellant has failed to show he was prejudiced thereby. *See Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

■ Additionally, the original attorney testified that he and the appellant, in consultation, determined that the jury which was empaneled appeared to be reasonably favorable to the defense, and they concluded it would be preferable to try the case to that panel rather than risk a different panel at a later time.[1] The record demon-

---

1. The attorney received notice of the witness during jury selection, and before the panel was

strates this was a reasonable tactical decision by counsel. When such decisions are informed and clearly reasonable, the court will not hold counsel to be incompetent. *Hellard v. State,* 629 S.W.2d 4 (Tenn.1982).

The appellant raised several other issues about the failure of the original trial attorney to call witnesses. The record shows that some of these witnesses could have given no beneficial testimony for the appellant and that appellant's counsel chose not to call character witnesses because they could have been questioned about some matters which were detrimental to the appellant.

The record fully supports the finding of the trial court that the original trial counsel was competent.

The appellant asks this Court to hold the Rules of Civil Procedure apply in post-conviction proceedings. Specifically, he asks that we hold that Rule 43.02 of those rules be applied.

This assertion is brought about because the appellant, at the hearing on the post-conviction petition, announced that he was going to call the original trial attorney as an adverse witness under the rule and cross-examine him.

The trial judge ruled he could not call the original attorney as a hostile witness. The appellant insists this was error.

We need not reach the question of the application of the civil rules, specifically or generally, in considering this issue. Whether Rule 43.02 of the Tennessee Rules of Civil Procedure is applicable to a post-conviction proceeding is irrelevant simply because the original trial attorney is not an adverse party in a post-conviction proceeding.

If a petitioner wishes to call an original trial attorney as a witness, he may do so. However, he is not entitled to a presumptive ruling of hostility which permits cross-examination. Under the general rule applicable to such determination, the petitioner must first demonstrate to the trial judge that the attorney is in fact a hostile witness.

In this case, the need for such application of the general rule is evidenced by the fact that the original trial attorney fully answered all questions asked of him. He demonstrated no hostility toward the appellant, and the appellant never made any claim that the witness was withholding any evidence or was evasive, or that he was unable to introduce any evidence because of the ruling of the trial court.

The appellant further says trial counsel should have objected to the conduct of the trial judge in the original trial and that he should have preserved this and raised it on appeal.

The appellant did not introduce any evidence at the hearing on the post-conviction petition to show what conduct he complained of, other than to ask the original trial counsel if the judge's conduct had an effect on the proceedings. The attorney testified he could not say that it did.

The appellant attempts to bring these matters before us by attaching to his brief an appendix which sets out remarks made by the trial judge during trial. This Court is, of course, not the proper place to introduce evidence, and appendices to briefs do not constitute evidence to be considered in the review of a case.

O'BRIEN and CORNELIUS, JJ., concur.

---

sworn. He also interviewed the witness before the testimony was offered.