IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT NASHVILLE

DECEMBER 1997 SESSION

FILED

March 4, 1998

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| DARYL TURNER a/k/a | ) | NO. 01-C-01-9608-CR-00374 |
| "JUICY" TURNER | ) | |
| | ) | |
| Appellant, | ) | SUMNER COUNTY |
| | ) | |
| v. | ) | Hon. Jane Wheatcraft |
| | ) | |
| STATE OF TENNESSEE | ) | (Post Conviction) |
| | ) | |
| Appellee | ) | |
| | ) | |

For the Appellant

Cheryl J. Skidmore
629 East Main Street
Hendersonville, TN. 37075

For the Appellee

John Knox Walkup
Attorney General & Reporter

Clinton J. Morgan
Assistant Attorney General
2nd Floor Cordell Hull Building
425 Fifth Avenue North
Nashville, TN. 37243-0493

Lawrence Ray Whitley
District Attorney General

Dee David Gay
Assistant District Attorney General
113 W. Main Street
Gallatin, TN. 37066-2803

OPINION FILED:_____

AFFIRMED PURSUANT TO RULE 20

WILLIAM M. BARKER, JUDGE

OPINION

The appellant, Daryl Turner, appeals the Sumner County Criminal Court's dismissal of his petition for post-conviction relief. In 1993, appellant was convicted of selling a Schedule II controlled substance, to wit: cocaine, and was sentenced to twelve (12) years as a Range III persistent offender. His conviction and sentence were affirmed by this Court on direct appeal. See State v. Darrel Tucker[1], No. 01-C-01-9310-CR00347 (Tenn. Crim. App. at Nashville, Oct. 6, 1994), *per. app. denied* (Tenn. 1995). The appellant, thereafter, filed a *pro se* petition for post-conviction relief alleging ineffective assistance of counsel, malicious prosecution, and invalid "reasonable doubt" jury instructions.[2] Following an evidentiary hearing, the trial court dismissed appellant's petition upon finding no ground to warrant post-conviction relief.

We affirm the judgment of the trial court pursuant to Rule 20 of the Tennessee Court of Criminal Appeals.

On appeal, the appellant contends that the trial court erred in denying his petition for post-conviction relief. He limits his argument to the claim of ineffective assistance of counsel.

This issue is without merit.

To prevail on his claim, the appellant must show by clear and convincing evidence[3] that the advice or services provided by his counsel fell below the range of competence demanded of attorneys in criminal cases. See Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975). Furthermore, he must demonstrate "prejudice" by

---

[1]On direct appeal, a panel of this Court acknowledged that the appellant was indicted and prosecuted under the name "Darrel Turner." However, without explanation, the case style reflected the name "Darrel Tucker." In this appeal, the appellant has apparently changed the spelling of his name to "Daryl."

[2]Following the appointment of legal counsel, appellant filed a notice requesting alternative relief through a Writ of Error *Coram Nobis*. The appellant, however, did not file an amended post-conviction petition.

[3]Appellant filed his petition under the Post Conviction Procedure Act of 1995. Section 40-30-210 (f) of that Act requires petitioners to prove their allegations of fact by clear and convincing evidence. See Tenn. Code Ann. § 40-30-210 (f) (Supp. 1996).

proving that, but for counsel's incompetence, the result of the trial proceeding would have been different. See Strickland v. Washington, 466 U.S. 668, 687-88, 692, 694, 104 S.Ct. 2052, 2064, 2067-68, 80 L.Ed. 2d 674 (1984); Best v. State, 708 S.W.2d 421, 422 (Tenn. Crim. App. 1985).

The trial court found that the appellant's counsel provided effective representation at trial, including a thorough explanation of the range of punishment that the appellant could receive upon conviction. That finding is conclusive on appeal unless the evidence preponderates against the trial court's judgment. See State v. Buford, 666 S.W.2d 473, 475 (Tenn. Crim. App. 1983).

We find no evidence to disturb the finding of the trial court. The record reflects that appellant's counsel conducted a thorough investigation of the case, including a review of the appellant's crime captured on videotape and an investigation of the confidential informant involved in appellant's arrest. Counsel also met with the appellant on several occasions, before and during trial, to discuss the strength of the State's evidence and to explain the possible sentencing range if convicted by a jury. Against counsel's advice, the appellant rejected two plea offers and chose to proceed with a trial by jury.

After appellant's conviction, his counsel continued to represent him at the sentencing hearing. Although denied by appellant, the evidence shows that counsel informed him of the possible sentence he faced in light of the State's "Notice of Intent" to seek enhanced punishment at Range III. At that time, the appellant made no complaints about the competency and effectiveness of his counsel. To the contrary, he wrote a letter to counsel after trial to commend her "outstanding support and assistance" and to express that her "professional assistance has been over and beyond the call of duties."

We find that the appellant has failed to carry his burden of showing ineffective assistance of counsel. The judgment of the trial court is affirmed pursuant to Rule 20 of the Tennessee Court of Criminal Appeals.

3

                                        _____
                                        WILLIAM M. BARKER, JUDGE


CONCUR:


_____
JOE B. JONES, Presiding Judge


_____
PAUL G. SUMMERS, JUDGE