**IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE**

**AT KNOXVILLE**

**OCTOBER SESSION, 1997**

FILED

March 31, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| **MARK L. PECK,** | ) | **C.C.A. NO. 03C01-9611-CR-00402** |
| | ) | |
| Appellant, | ) | |
| | ) | |
| | ) | **SULLLIVAN COUNTY** |
| **VS.** | ) | |
| | ) | **HON. FRANK L. SLAUGHTER** |
| **STATE OF TENNESSEE,** | ) | **JUDGE** |
| | ) | |
| Appellee. | ) | **(Post-Conviction Relief)** |

FOR THE APPELLANT:

RAYMOND C. CONKIN , JR.
320 Cherokee Street, Suite B
Kingsport, TN 37660

FOR THE APPELLEE:

JOHN KNOX WALKUP
Attorney General and Reporter

PETER M. COUGHLAN
Assistant Attorney General
450 James Robertson Parkway
Nashville, TN 37243

GREELEY WELLS
District Attorney General

EDWARD E. WILSON
TERESA MURRAY SMITH
P. O. Box 526
Blountville, TN 37617

OPINION FILED _____

AFFIRMED

JERRY L. SMITH, JUDGE

# **OPINION**

On April 22, 1989, a Sullivan County jury found Petitioner-Appellant, Mark L. Peck, guilty of first-degree murder, and sentenced him to life imprisonment. After an unsuccessful direct appeal to this Court, on January 10, 1995, Appellant filed a pro se petition for habeas corpus relief. This petition was construed by the court as a petition for post-conviction relief and counsel was appointed. On July 9, 1995, after a hearing, the court dismissed Appellant's petition. Appellant appeals from the denial of his petition, claiming that the trial court erred in finding that he received effective assistance of counsel at trial.

Appellant bases his claim of ineffective assistance of counsel upon several alleged omissions by trial counsel, namely:

1) trial counsel failed to interview certain potential alibi witnesses whose names were provided by Appellant;
2) trial counsel failed to investigate the phone call made by Appellant to his mother around the time of the murder;
3) trial counsel failed to investigate the contents of a letter from Roy Rhea to Jim Cody alleging that a third party committed the murder;
4) trial counsel denied Appellant the right to testify on his own behalf;
5) trial counsel failed to preserve the record at trial.

After a review of the record, we affirm the judgment of the trial court.

BACKGROUND FACTS:

As stated by this Court on direct appeal, the evidence presented at trial showed that:

The Appellant, who dated the victim's estranged wife, Donna Strickler, shared a residence with Robin Johnson and Jim Clark. He had arranged for Johnson to awaken him at about 10:00 P.M., February 5, 1988. Shortly thereafter, Peck left the house, driving either his black pickup truck or a gray van. The van contained Clark's twelve gauge shotgun. Peck often drove that vehicle and had regular access to the weapon.

Earlier that evening, the victim had driven his sister, Debbie Fluharty, to an Italian restaurant where they joined other family members for dinner. The victim kept a .45 caliber pistol in his car. At about 8:00 P.M., he went into the Ramada Inn to meet his wife, Donna, and others for drinks. Three hours later, the victim left the motel and went home. At about the same time, Donna Strickler departed and went to the Tri-City Lounge.

The state's theory, based upon the circumstances established at trial, is that the Appellant, armed with Clark's shotgun, entered the victim's house by the garage door at about 11:00 P.M; gained entry by the use of a duplicate key he had acquired from Sears earlier that day; and then waited in the bedroom. The victim apparently entered by a different door and began to walk the hallway leading to his bedroom. He was shot twice at close range. The perpetrator took the victim's pistol, a bullet-proof vest he found in the closet, and went out the same door he had entered. Thereafter, sometime between 11:30 P.M. and midnight, Peck met Donna Strickler and Mary Stallard at the Tri-City Lounge. He remained at the lounge until approximately 2:00 A.M. when he returned to his residence.

The next morning, the victim's body was discovered by a relative. The door to the garage was open. The house key that opened that door was not among the keys that the victim had with him, nor was it found in the house. The doctor who did the autopsy established the victim's time of death at shortly after 11:00 P.M.

On the morning following the shooting, Peck took his pickup truck to Lori Woodall's house. He gave Woodall a pistol holster containing unspent shotgun shells and asked her to hold them for him. He hid the victim's .45 caliber pistol in a bedroom closet at Woodall's house. A few days later Peck asked another friend, Victoria Toney, to get the pistol and clip. He did not mention that to Woodall. Thereafter, he directed Robin Johnson to take the keys to his truck to Woodall. Peck said he was going away for a couple of days. The state proved that Woodall, Toney, and Michele Akers, acting individually or in concert, disposed of the Appellant's truck, the shotgun shells, and the victim's gun. They took Peck's truck to Virginia and hid the victim's pistol in a pot-bellied stove; they threw the shotgun shells into a field near Woodall's house. All of these items were recovered by authorities. The victim's bullet-proof vest was found in Peck's shared residence.

## INEFFECTIVE ASSISTANCE OF COUNSEL

In reviewing Appellant Peck's Sixth Amendment claim of ineffective assistance of counsel, this Court must determine whether the advice given or services rendered by the attorney are within the range of competence demanded

of attorneys in criminal cases. <u>Baxter v. Rose</u>, 523 S.W.2d 930, 936 (Tenn. 1975). To prevail on a claim of ineffective counsel, the Appellant "must show that counsel's representation fell below an objective standard of reasonableness" and that this performance prejudiced the defense. There must be a reasonable probability that but for counsel's error the result of the proceeding would have been different. <u>Strickland v. Washington</u>, 466 U.S. 668, 687-88, 692, 694, 104 S.Ct. 2052, 2064, 2067-68, 80 L.Ed.2d 674 (1984); <u>Best v. State</u>, 708 S.W.2d 421, 422 (Tenn. Crim. App. 1985). A reviewing court need not consider the two prongs of <u>Strickland</u> in any particular order. <u>Id</u>. at 679, 104 S.Ct. At 2069. Moreover, if the appellant fails to establish one prong, a reviewing court need not consider the other. <u>Id</u>.

At the conclusion of the hearing in this case, the post-conviction court entered the following findings of fact:

1)Grounds 1, 4, 7, 9, 10, 11, 13, 14 (encompassing Appellant's claims that: counsel was not prepared to argue the pre-trial motion for investigative assistance; counsel failed to call subpoenaed alibi witnesses; counsel failed to move for a mistrial and recusal of the District Attorney's Office after Appellant's notes were seized by a sheriff's deputy; counsel, in closing argument, referred to the fact Appellant was unemployed; counsel failed to protect the record for appeal; on appeal counsel failed to adequately argue the insufficiency of the evidence; jury instructions were insufficient; and the trial court erred in refusing to accept a subpoena to testify in the trial) have been previously litigated before the trial court and the Court of Criminal Appeals.

2) that Petitioner's trial counsel functioned as an active advocate, protected his rights, cross-examined witnesses, argued on Petitioner's behalf, and ensured that the proper law was followed.

3) Mr. Taylor visited and consulted with Petitioner 17 times prior to trial, performed 179.6 hours of legal work out of court and 82 hours of court work. Mr. Taylor interviewed all the witnesses known to him.

4) Mr. Toohey visited and consulted with Petitioner 23 times prior to trial, performed 209.5 hours of legal work out of court and 58.5 hours of court work.

5) Petitioner agreed not to testify upon the advice of trial counsel.

6) Any witnesses not called by trial counsel were excluded from testifying by reasonable trial strategy.

7) Mr. Taylor's representation of a member of the Sullivan County Sheriff's Department was in no way related to or in conflict with this case.

8) The trial court authenticated the record, and there is no evidence to suggest that the record is inadequate.

In post conviction proceedings, the Appellant has the burden of proving the allegations in the petition by a preponderance of the evidence. McBee v. State, 655 S.W.2d 191, 195 (Tenn. Crim. App. 1983). "The findings of fact and conclusions of law made by the trial court after an evidentiary hearing are afforded the weight of a jury verdict; this court will not set aside the judgment of the trial court unless the evidence contained in the record preponderates against its findings." State v. Dick, 872 S.W.2d 938, 943 (Tenn. Crim. App. 1993) perm. to appeal denied (Tenn, 1993). Appellant argues that the evidence presented at the evidentiary hearing preponderates against the findings of the post-conviction court that he was adequately represented by his counsel.

In his first allegation of error on appeal, Appellant argues that trial counsel failed to interview potential alibi witnesses whose names were provided by Appellant. The finding of the trial court that witnesses excluded from testimony were excluded for reasons of strategy is supported by the record of the post-conviction hearing. Trial counsel testified that each of the witnesses Appellant listed were interviewed, and counsel provided a reasonable strategic explanation for not having called each of those witnesses. We do not use the benefit of hindsight to second-guess trial strategy by counsel and criticize counsel's tactics. Dixon v. State, 934 S.W.2d 69, 72 (Tenn. Crim. App. 1996)(*citing* Hellard v. State, 629 S.W.2d 4, 9 (Tenn.1982)). This issue is without merit.

In his second allegation, Appellant charges that trial counsel failed to investigate information he gave counsel regarding a phone call he claims to have made to his mother around the time of the murder. Initially we note that this allegation is not a part of Mr. Peck's Amended Petition for Post-Conviction Relief, and is therefore not a proper issue for appeal. In any event, the record demonstrates that Appellant was unable to tell his attorneys from which public phone the call was made. Further, due to the uncertainty of exactly when the victim was murdered, even if such evidence had been obtained, it is unlikely that it would have provided a complete alibi for the murder. The trial court found that trial counsel carried out such investigation as was reasonable in this matter; Appellant has failed to show a more extensive investigation of the alleged phone call could have been made, or that he was prejudiced by the failure to discover it. This issue is without merit.

Next, Appellant claims that trial counsel failed to investigate the claims made in a letter from Roy Rhea to Jim Cody. The letter claimed that a Mark Moody was the actual perpetrator of the crime. The testimony presented at the post conviction hearing demonstrated that the letter did not reach trial counsel until after the hearing on the motion for a new trial. Appellant failed to show that the trial court's finding that trial counsel responded appropriately to the receipt of this letter was in any way erroneous. This issue is without merit.

Appellant further argues that he was denied effective assistance of counsel in that his trial counsel denied him the right to testify in his own behalf. The judgment of the post-conviction court states, "Appellant has testified that he accepted the advice of counsel but would now like to have a second chance with the jury." Appellant argues that without a specific statement from either attorney stating that Appellant agreed not to testify this Court is left with Appellant's statement that he unequivocally demanded that he be allowed to testify and was denied this right by his counsel. The record, however, does not support this argument. The record demonstrates, through Appellant's own testimony, that he was advised by his attorneys to end the trial without presenting more proof and that he agreed to follow their advice. It appears from the record that trial counsel explained to Mr. Peck that if he were to testify then he would be cross-examined regarding his prior convictions, and that both Appellant and trial counsel felt it was advisable to rest their case instead of putting that testimony in front of the jury. Appellant has failed to carry his burden of proof. This issue is without merit.

Finally, Appellant claims that trial counsel was ineffective in that the attorneys failed to request a definitive ruling as to whether evidence of a third

party defense was admissible. Specifically Appellant claims that counsel should have asked for a definitive ruling as to whether Ricky Cain could testify. Appellant claims had Cain testified he could have been implicated in the murder. However, proof at the post-conviction hearing shows that trial counsel made a strategic decision not to call Ricky Cain, because counsel's investigation revealed that Cain had a strong alibi for the time of the murder. The decision not to call Cain was a legitimate trial strategy, negating the need for a ruling on the admissibility of third party defense. This issue is without merit.

Therefore, for the reasons discussed above, the judgment of the trial court is affirmed.

_____
JERRY L. SMITH, JUDGE


CONCUR:


_____
GARY R. WADE, JUDGE


_____
DAVID H. WELLES, JUDGE