IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT NASHVILLE

JANUARY 1999 SESSION

**FILED**

March 11, 1999

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| **CHARLES HAYNES,** | ) | |
| | ) | **C.C.A. NO. 01C01-9803-CC-00142** |
| Appellant, | ) | |
| | ) | **HICKMAN COUNTY** |
| VS. | ) | |
| | ) | **HON. CORNELIA A. CLARK,** |
| **STATE OF TENNESSEE,** | ) | **JUDGE** |
| | ) | |
| Appellee. | ) | (Post-Conviction) |

FOR THE APPELLANT:                    FOR THE APPELLEE:

**JUDSON W. PHILLIPS**                 **JOHN KNOX WALKUP**
315 Deaderick St., Suite 2395          Attorney General & Reporter
Nashville, TN 37238-2395
        (On Appeal)                    **DARYL J. BRAND**
                                       Asst. Attorney General
                                       Cordell Hull Bldg., 2nd Fl.
                                       425 Fifth Ave., North
                                       Nashville, TN 37243-0493

                                       **RON DAVIS**
                                       District Attorney General
                                       P.O. Box 937
                                       Franklin, TN 37065-0937

OPINION FILED:_____

**AFFIRMED**

**JOHN H. PEAY,**
Judge

**O P I N I O N**

The petitioner was indicted by the Hickman County grand jury for first-degree murder. The petitioner's first trial resulted in a hung jury. At his second trial, he was found guilty by a jury of the indicted charge and sentenced to a term of life in prison. On direct appeal, the petitioner's conviction was affirmed. The petitioner subsequently filed a petition for post-conviction relief. After a hearing, the post-conviction court denied the petition. The petitioner now appeals and contends that he did not receive the effective assistance of counsel and that newly discovered evidence exists that would entitle him to a new trial. After a review of the evidence and the applicable law, we find no merit to the petitioner's contentions and thus affirm the lower court's denial of his petition for post-conviction relief.

The petitioner's conviction stemmed from the murder of an inmate at the Turney Center correctional facility. The proof at trial established that the petitioner and his cellmate, Nathaniel Fleming, approached a newly transferred inmate, Alton Hunter, and while the petitioner held Mr. Hunter, Mr. Fleming stabbed Mr. Hunter once in the neck and once in the chest. After the stabbing, the petitioner and Mr. Fleming hid the weapon under a nearby building and left the area. Mr. Hunter managed to stagger to a nearby correctional officer but he died en route to the hospital. At trial, the main witness for the prosecution was an inmate, Thomas Mitchell, who claimed to have seen the entire incident from his cell window. Mr. Mitchell positively identified the petitioner and Mr. Fleming as the assailants who killed Mr. Hunter.

Under the Post-Conviction Procedure Act of 1995, the petitioner has the burden of proving the factual allegations in his or her petition by clear and convincing evidence. T.C.A. § 40-30-210(f). Furthermore, the factual findings of the trial court in

2

hearings "are conclusive on appeal unless the evidence preponderates against the judgment." State v. Buford, 666 S.W.2d 473, 475 (Tenn. Crim. App. 1983).

The petitioner now claims that he received the ineffective assistance of counsel. He contends that his attorneys failed to adequately investigate the facts of and the witnesses to the case, that his attorneys' cross-examination of the prosecution's star witness was hindered by the trial court's denial of a request for a copy of the transcript of the first trial, and that they failed to call a witness with exculpatory information to the witness stand.

In reviewing the petitioner's Sixth Amendment claim of ineffective assistance of counsel, this Court must determine whether the advice given or services rendered by the attorney are within the range of competence demanded of attorneys in criminal cases. Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975). To prevail on a claim of ineffective assistance of counsel, a petitioner "must show that counsel's representation fell below an objective standard of reasonableness" and that this performance prejudiced the defense. There must be a reasonable probability that but for counsel's error the result of the proceeding would have been different. Strickland v. Washington, 466 U.S. 668, 687-88, 692, 694 (1984); Best v. State, 708 S.W.2d 421, 422 (Tenn. Crim. App. 1985).

In the case at bar, the petitioner first contends that his attorneys failed to adequately investigate the facts of the case and witnesses to the case. However, the proof at the post-conviction hearing showed that the petitioner's attorneys went to Turney Center and interviewed possible witnesses. The attorneys requested, and received, a private investigator who videotaped and took pictures of the view from Mr. Mitchell's cell window while two men stood in the same area where the petitioner and Mr. Fleming

3

supposedly stood during the commission of the crime. The attorneys used this videotape and the pictures at trial in an effort to discredit Mr. Mitchell's identification. The attorneys also procured Mr. Mitchell's infirmary records on the night of the incident in an effort to discredit his testimony. As Mr. Mitchell had testified that after witnessing the murder he began to have stomach problems and went to the infirmary, the petitioner's attorneys tried to use that information to help prove that Mr. Mitchell was having problems with his ulcer as a result of drinking alcohol. The petitioner's attorneys tried to establish that Mr. Mitchell had been drinking earlier that day and, as a result, was unable to make a reliable identification of the assailants. At the post-conviction hearing, Ms. Story, one of the petitioner's attorneys, testified that she had worked "very diligently" on this case. In light of the foregoing, the petitioner has failed to prove by clear and convincing evidence that his attorneys did not adequately investigate the facts and circumstances of his case or that the evidence preponderates against the post-conviction court's finding that he received the effective assistance of counsel. As such, this contention is without merit.

The petitioner further contends that he received the ineffective assistance of counsel because his attorneys' cross-examination of Mr. Mitchell was hindered by the trial court's denial of their request for a copy of the transcript of the first trial. The State contends that this issue is waived as it was previously determined in the petitioner's direct appeal. However, absent waiver, this issue is without merit. At the post-conviction hearing, Ms. Story testified that although she did not have the actual transcript of the first trial, she did have the audio tapes of the first trial from which typed transcripts of the most crucial testimony were made. Ms. Story also testified that even if the actual trial transcript had been available to her, she doubted that it would have resulted in a different verdict. Based on the foregoing, the petitioner has failed to prove by clear and convincing evidence that his attorneys' representation fell below an objective standard of

4

reasonableness or that the result of the proceeding would have been different. As such, this contention is without merit.

The petitioner also contends that he received the ineffective assistance of counsel because his attorneys did not call Willie Wilson, an alibi witness, to the witness stand. At the post-conviction hearing, Ms. Story testified that she did not call Mr. Wilson to the stand because his testimony was not as stable as the other alibi witnesses' testimony and she did not want to put several witnesses on the stand who would say essentially the same thing. In addition, she testified that she did not want to give the district attorney the chance to expose any inconsistencies in the alibi witnesses' stories, and she wanted to use the alibi witnesses with the least criminal history. Ms. Story also believed that Mr. Wilson had knowledge of a possible motive behind the murder. Ms. Story admitted that her decision not to call Mr. Wilson as a witness was a tactical decision based upon the facts and circumstances surrounding the case.

This Court has held that it should not second-guess trial counsel's tactical and strategic choices unless those choices were uninformed because of inadequate preparation, Hellard v. State, 629 S.W.2d 4, 9 (Tenn. 1982), and counsel should not be deemed to have been ineffective merely because a different procedure or strategy might have produced a different result. Williams v. State, 599 S.W.2d 276, 280 (Tenn. Crim. App. 1980). The petitioner has failed to prove by a preponderance of the evidence that his attorneys' decision not to call Mr. Wilson as a witness was an uninformed choice resulting from inadequate preparation. In addition, the petitioner has failed to prove that had Mr. Wilson been called as a witness, the result of the trial would have been different. Strickland, 466 U.S. at 668, 687-88, 692, 694. As such, this contention is without merit.

The petitioner next contends that he is entitled to a new trial on the basis

5

of newly discovered evidence, the recanted testimony of Thomas Mitchell. At the post-conviction hearing, Mr. Mitchell testified that he had lied at trial, had been coerced by correctional officers, and had received his information regarding the crime from those officers. However, relief under the Post-Conviction Procedure Act is granted only for the abridgement of a constitutional right. T.C.A. § 40-30-203. This Court has previously held that recanted testimony "amounts to no more than a request to relitigate the sufficiency of the evidence at trial, which a post-conviction proceeding may not be employed to do." George Massey v. State, No. 1121, Knox County (Tenn. Crim. App. filed November 5, 1987, at Knoxville); see also Jerry Dwaine Cammuse v. State, No. 01C01-9709-CR-00440, Davidson County (Tenn. Crim. App. filed July 2, 1998, at Nashville)(on rehearing). As a sufficiency of the evidence issue does not rise to the level of a constitutional claim, the petitioner's contention does not state a proper ground for post-conviction relief under T.C.A. § 40-30-203.

In sum, we find no merit to the petitioner's claim of ineffective assistance of counsel or his request for a new trial on the basis of newly discovered evidence. Accordingly, we affirm the trial court's dismissal of the petitioner's post-conviction petition.

_____
JOHN H. PEAY, Judge


CONCUR:


_____
DAVID H. WELLES, Judge


_____
THOMAS T. WOODALL, Judge

6