# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

### FEBRUARY 1999 SESSION

FILED

April 21, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

ERIC D. SHAW,                    )
                                 )    C.C.A. NO. 02C01-9809-CC-00267
            Appellant,           )
                                 )    OBION COUNTY
VS.                              )
                                 )    HON. WILLIAM B. ACREE, JR.,
STATE OF TENNESSEE,              )    JUDGE
                                 )
            Appellee.            )    (Post-Conviction)


FOR THE APPELLANT:                    FOR THE APPELLEE:


CLIFFORD K. McGOWN, JR.                JOHN KNOX WALKUP
113 North Court Square                 Attorney General & Reporter
P.O. Box 26
Waverly, TN 37185                      DOUGLAS D. HIMES
        (On Appeal)                    Asst. Attorney General
                                       Cordell Hull Bldg., 2nd Fl.
                                       425 Fifth Ave., North
JOSEPH P. ATNIP                        Nashville, TN 37243-0493
District Public Defender
P.O. Box 734                           THOMAS A. THOMAS
121 East Main St.                      District Attorney General
Dresden, TN 38225
                                       JIM CANNON
                                       Asst. District Attorney General
                                       P.O. Box 218
                                       Union City, TN 38281-0218



OPINION FILED:_____



AFFIRMED



JOHN H. PEAY,
Judge

**O P I N I O N**

The petitioner pled guilty to aggravated robbery and was sentenced as a Range I standard offender to a term of eight years to be served in the Tennessee Department of Correction. The petitioner's subsequent petition for post-conviction relief was denied by the trial court. The petitioner now appeals and contends that he did not receive the effective assistance of counsel. After a review of the record and applicable law, we affirm the judgment of the trial court.

The petitioner's conviction stemmed from his involvement in a robbery outside of a Wal-Mart store. At the post-conviction hearing, the petitioner's former counsel, Charles Kelly, testified that both he and his criminal investigator investigated the petitioner's case. Mr. Kelly testified that he filed motions for discovery and received copies of the statements of the three charged individuals. He also interviewed a possible alibi witness who later decided that it was not in her best interest to testify in favor of the petitioner. With regard to another possible alibi witness, Angela Scott, Mr. Kelly testified that he had not interviewed Ms. Scott because the petitioner had "confessed to being with these people in the statements he gave to the law enforcement officials." At the hearing, Andy Gibson, an investigating officer of the robbery, testified that he believed Ms. Scott had been interviewed by another investigator assigned to the robbery.

The petitioner now contends that he did not receive the effective assistance of counsel because Mr. Kelly did not interview all potential witnesses and his services therefore were outside the range of competence demanded of criminal attorneys.

In reviewing the petitioner's Sixth Amendment claim of ineffective assistance of counsel, this Court must determine whether the advice given or services

rendered by the attorney are within the range of competence demanded of attorneys in criminal cases. Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975). To prevail on a claim of ineffective counsel, a petitioner "must show that counsel's representation fell below an objective standard of reasonableness" and that this performance prejudiced the defense. There must be a reasonable probability that but for counsel's error the result of the proceeding would have been different. Strickland v. Washington, 466 U.S. 668, 687-88, 692, 694 (1984); Best v. State, 708 S.W.2d 421, 422 (Tenn. Crim. App. 1985).

To satisfy the requirement of prejudice, the petitioner must demonstrate a reasonable probability that, but for counsel's errors, he would not have pled guilty and would have insisted on going to trial. See Hill v. Lockart, 474 U.S. 52, 59 (1985); Bankston v. State, 815 S.W.2d 213, 215 (Tenn. Crim. App. 1991).

In the case at bar, the petitioner has offered no evidence that he would not have pled guilty absent Mr. Kelly's failure to interview Ms. Scott. In fact, the petitioner testified that he pled guilty because he thought the sentences for several recent convictions, including the conviction in the case at bar, were to run concurrently rather than consecutively.[1] In addition, there is absolutely no evidence in the record that Ms. Scott could have provided an alibi, or any other exculpatory information, for the petitioner. As the petitioner has failed to carry his burden of proof, this contention is without merit.

Accordingly, we affirm the trial court's denial of the petitioner's post-conviction petition.

_____
JOHN H. PEAY, Judge

_____

[1] This issue was not appealed.

3

CONCUR:


_____
JOE G. RILEY, Judge


_____
JAMES C. BEASLEY, Sr., Special Judge