**IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE**

**AT KNOXVILLE**

**SEPTEMBER 1998 SESSION**

FILED

November 4, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| SCOTTIE DEWAYNE BURKE, | ) | |
| | ) | **C.C.A. NO. 03C01-9709-CR-00419** |
| Appellant, | ) | |
| | ) | **HAMILTON COUNTY** |
| VS. | ) | |
| | ) | **HON. DOUGLAS A. MEYER,** |
| STATE OF TENNESSEE, | ) | **JUDGE** |
| | ) | |
| Appellee. | ) | (Post-Conviction) |

FOR THE APPELLANT:               FOR THE APPELLEE:

**LISA M. MACK**
846 Oak St.
Chattanooga, TN   37403

**JOHN KNOX WALKUP**
Attorney General & Reporter

**ELIZABETH B. MARNEY**
Asst. Attorney General
425 Fifth Ave., North
2nd Floor, Cordell Hull Bldg.
Nashville, TN  37243-0493

**WILLIAM H. COX, III**
District Attorney General

**CALDWELL HUCKABAY**
Asst. District Attorney General
Courts Bldg., Room 300
Chattanooga, TN   37402

OPINION FILED:_____

**AFFIRMED**

**JOHN H. PEAY,**
Judge

# O P I N I O N

The petitioner was convicted by a jury of first-degree felony murder, aggravated robbery, and aggravated assault.[1]  He was sentenced to life imprisonment for the murder, a concurrent eight year term for the robbery, and a consecutive six year term for the assault.  The petitioner's convictions and sentences were affirmed on direct appeal.  State v. Scottie Dewayne Burke, No. 03C01-9208-CR-00265, Hamilton County (Tenn. Crim. App. filed June 10, 1993, at Knoxville).  In this petition for post-conviction relief filed in August 1995, the petitioner contends that he received ineffective assistance of counsel at trial and on direct appeal.[2]  The court below denied relief and, upon our review of the record, we affirm.

In this appeal, the petitioner contends that his lawyer was ineffective in the following ways:

> 1.  Failing to properly investigate the case;
>
> 2.  Failing to sufficiently voir dire prospective jurors, thereby accepting a juror who had "prior knowledge" about the petitioner which may have been used to "taint" other jurors;
>
> 3.  Failing to contest the admissibility of the petitioner's statement to the police;
>
> 4.  Failing to object to the trial court's instruction on voluntary manslaughter; and
>
> 5.  Failing to defend and appeal the petitioner's sentences in a competent manner.

After hearing testimony from the petitioner and his trial counsel (who also handled the direct appeal), the court below credited trial counsel's testimony over the petitioner's.  As

---

[1]The crimes were committed in 1991; the petitioner was tried in 1992.

[2]Although unclear, the amended petition also seems to raise as a separate constitutional violation that the petitioner's confession was coerced.  The court below found that no evidence had been introduced in support of this allegation.  Other than in the context of ineffective assistance, this alleged ground for relief is not asserted in this appeal.

a result, the court below found that, while trial counsel had made some errors during the trial and on appeal, the petitioner had not carried his burden of proving the allegations in his petition, that his lawyer's performance was within the required range of competence, and that, even if it were not, the petitioner failed to prove that he was thereby prejudiced.

In reviewing the petitioner's Sixth Amendment claim of ineffective assistance of counsel, this Court must determine whether the advice given or services rendered by the attorney are within the range of competence demanded of attorneys in criminal cases. Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975). This Court should not second-guess trial counsel's tactical and strategic choices unless those choices were uninformed because of inadequate preparation, Hellard v. State, 629 S.W.2d 4, 9 (Tenn. 1982), and counsel should not be deemed to have been ineffective merely because a different procedure or strategy might have produced a different result. Williams v. State, 599 S.W.2d 276, 280 (Tenn. Crim. App. 1980). To prevail on a claim of ineffective counsel, a petitioner "must show that counsel's representation fell below an objective standard of reasonableness" and that this performance prejudiced the defense. There must be a reasonable probability that but for counsel's error the result of the proceeding would have been different. Strickland v. Washington, 466 U.S. 668, 687-88, 692, 694 (1984); Best v. State, 708 S.W.2d 421, 422 (Tenn. Crim. App. 1985).

In post-conviction relief proceedings the petitioner has the burden of proving the allegations in his petition by clear and convincing evidence. T.C.A. § 40-30-210(f). Furthermore, the factual findings of the trial court in hearings "are conclusive on appeal unless the evidence preponderates against the judgment." State v. Buford, 666 S.W.2d 473, 475 (Tenn. Crim. App. 1983).

The petitioner's claim that his trial attorney did not sufficiently investigate

3

his case is based on trial counsel's failure to interview certain State witnesses. None of these witnesses testified at the post-conviction hearing, however. Thus, we have no proof of how these witnesses' testimony could have been made less harmful to the petitioner had they been previously interviewed by trial counsel. In other words, the petitioner has failed to prove how he was prejudiced by his lawyer's handling of these witnesses. This issue is without merit.

With respect to counsel's voir dire of the jury, the record contains no proof whatsoever of how the juror who allegedly knew the petitioner wrongfully influenced the jury with his "prior knowledge." No prejudice having been shown from trial counsel's failure to remove this juror, this issue is without merit.

As to the petitioner's statement to the police, he admitted at the post-conviction hearing that he had not informed his lawyer of any circumstances surrounding the statement which would have supported its exclusion. Accordingly, his lawyer did not act incompetently by not challenging the statement's admissibility.

As to the trial court's instruction on voluntary manslaughter, the court below concluded that trial counsel should have requested a correction and, failing that, should have raised the issue on appeal. We agree. In its instruction on voluntary manslaughter, the trial court stated:

> The distinction between voluntary manslaughter and second degree murder is that voluntary manslaughter requires that the killing resulted from a state of passion produced by adequate provocation sufficient to lead a reasonable person to act in an irrational manner . . . and the act of killing will be imputed to heat of blood and passion, <u>rather than malice</u>, if no undue advantage be taken by the party doing the killing. [e.s.]

Thus, the trial court improperly implied that malice was an element of second-degree

murder.[3]

Criminal defendants have a constitutional right to a correct and complete charge of the law.  State v. Teel, 793 S.W.2d 236, 249 (Tenn. 1990).  A constitutional violation occurs upon an erroneous jury instruction unless the error is harmless beyond a reasonable doubt.  State v. Carpenter, 773 S.W.2d 1 (Tenn. Crim. App. 1989).  Where the error is harmless beyond a reasonable doubt, however, it follows that trial counsel's failure to object to the erroneous instruction did not prejudice the petitioner.

In this case, the trial court further instructed the jury:

> If you so find the defendant guilty of murder in the first degree . . . it would not be necessary for you to consider the lesser offenses of murder in the second degree, voluntary manslaughter, and criminal negligent homicide.  However, if you find the defendant not guilty of murder in the first degree, you will then determine whether you find the defendant guilty beyond a reasonable doubt of any one of the following offenses:
> > Murder in the Second Degree
> > Voluntary Manslaughter
> > Criminally Negligent Homicide [e.s.]

Juries are presumed to follow instructions.  State v. Blackmon, 701 S.W.2d 228, 233 (Tenn. Crim. App. 1985).  Thus, because the jury convicted the petitioner of first-degree felony murder, it never considered the instructions on second-degree murder or voluntary manslaughter.  Any error was therefore harmless beyond a reasonable doubt and the petitioner suffered no prejudice from his lawyer's inaction.  See, e.g., State v. Antonio M. Byrd, No. 02C01-9508-CR-00232, Shelby County (Tenn. Crim. App. filed January 2, 1997, at Jackson) (where jury convicted the defendant of premeditated murder after having been instructed to consider premeditated murder before felony murder, erroneous instruction on felony murder was "mere surplusage" and error was harmless beyond a

---

[3]"Second degree murder is:  A knowing killing of another."  T.C.A. § 39-13-210(a)(1) (1991).

5

reasonable doubt).  This issue is without merit.[4]

In his final issue, the petitioner contends that his lawyer did not adequately represent him at his sentencing hearing and did not adequately appeal his sentences.[5] He complains that his lawyer "did not present any witnesses for sentencing, did not argue [as a] mitigating factor [the] Petitioner[']s age [of] 18 years old at the time of the incident, [introduced] no evidence about Petitioner's low IQ and did not verify the accuracy of Petitioner's prior record as represented in the sentencing report."  He argues that he was thereby prejudiced "by reducing the probability of a lighter sentence."

We first note that, because the State did not seek the death penalty, the life sentence imposed for the first-degree murder conviction was statutorily required.  See T.C.A. § 39-13-204 (1991).  Moreover, the sentence for the aggravated robbery was the minimum for that crime[6] and was run concurrently; obviously, trial counsel could not have improved on this.  Apparently, then, the petitioner is convinced that he should have received a shorter and/or concurrent sentence on the aggravated assault offense.[7]

In considering the petitioner's sentences on direct appeal, this Court examined the record at trial and held that "the record justifies the trial court's determination under T.C.A. § 40-35-115(b)(4) that the defendant is a dangerous offender

_____

[4]In his brief, the petitioner attempts to raise this jury instruction issue as a separate ground for post-conviction relief.  However, it was not raised as such in his petition nor was it raised on direct appeal.  Accordingly, other than in the context of ineffective assistance of counsel, this issue has been waived.  T.C.A. § 40-30-206(g).

[5]We consider the petitioner's sentencing issues only in the context of his claim of ineffective assistance of counsel.  Without an allegation that a sentence is void or voidable because of the abridgement of a constitutional right, sentencing issues are not reviewable in a post-conviction proceeding.  See T.C.A. § 40-30-203.

[6]The applicable range for this offense was eight to twelve years.  T.C.A. §§ 40-35-112(a)(2), 39-13-402(b).

[7]The applicable range for this offense was three to six years.  T.C.A. §§ 40-35-112(a)(3), 39-13-102(d).

6

whose behavior indicates little or no regard for human life and no hesitation about committing a crime in which the risk to human life is high for the purposes of ordering the aggravated assault sentence to be run consecutively." State v. Scottie Dewayne Burke, No. 03C01-9208-CR-00265, Hamilton County (Tenn. Crim. App. filed June 10, 1993, at Knoxville). The petitioner presented no proof at the hearing below which demonstrated that his attorney could have prevented this classification. Accordingly, his complaint about the consecutive sentence on the assault conviction is without merit.

As to the length of the sentence on the assault offense, the trial court enhanced the range to the maximum time of six years after finding that the assault had been committed while the petitioner was on probation. See T.C.A. § 40-35-114(13)(c). On direct appeal, this Court further found from the trial record that he had committed delinquent acts as a juvenile and that the aggravated assault had resulted in particularly great injuries. Both of these factors could properly have been used to enhance the petitioner's sentence on the aggravated assault offense. See T.C.A. § 40-35-114(1) & (6). The petitioner has failed to show that he had sufficient mitigating proof at his disposal to counteract the enhancement of his sentence. This issue is without merit.

The judgment below is affirmed.

_____
JOHN H. PEAY, Judge

CONCUR:

_____
JOSEPH M. TIPTON, Judge

_____
DAVID G. HAYES, Judge

7