IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT KNOXVILLE

SEPTEMBER 1998 SESSION

FILED

November 3, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

RICHARD BROWN, JR.,                )
                                    )        C.C.A. NO. 03C01-9707-CR-00257
            Appellant,              )
                                    )        KNOX COUNTY
VS.                                 )
                                    )        HON. RICHARD R. BAUMGARTNER,
STATE OF TENNESSEE,                 )        JUDGE
                                    )
            Appellee.               )        (Post-Conviction)


FOR THE APPELLANT:                          FOR THE APPELLEE:


MARK STEPHENS                               JOHN KNOX WALKUP
Public Defender                             Attorney General & Reporter

PAULA R. VOSS                               Elizabeth B. Marney
        -and-                               Asst. Attorney General
JOHN HALSTEAD                               425 Fifth Ave., North
Asst. Public Defenders                      2nd Floor, Cordell Hull Bldg.
1209 Euclid Ave.                            Nashville, TN  37243-0493
Knoxville, TN  37921
                                            RANDALL NICHOLS
                                            District Attorney General

                                            ROBERT L. JOLLEY, JR.
                                            Asst. District Attorney General
                                            District Attorney General's Office
                                            City-County Bldg.
                                            Knoxville, TN  37902


OPINION FILED:_____



AFFIRMED



JOHN H. PEAY,
Judge

**O P I N I O N**

On July 23, 1993, the petitioner pled guilty to second-degree murder, especially aggravated robbery, four counts of aggravated robbery, and one count of theft. He was then sentenced to a total of sixty years to be served in the Tennessee Department of Correction. On March 25, 1994, he filed a petition for post-conviction relief alleging that he was denied the effective assistance of counsel. Following an evidentiary hearing on June 5, 1997, the post-conviction court denied his petition. It is from this denial that the petitioner now appeals.

After a review of the record and applicable law, we find no merit to the petitioner's appeal and thus affirm the judgment of the court below.

The petitioner's convictions for especially aggravated robbery and second-degree murder[1] stem from the robbery of Moyers Market on July 19, 1992. The petitioner entered the store and showed the clerk a pistol he had in his waistband. The petitioner then told the clerk that he wanted money. It was at this point that another employee, Donald R. Brown, emerged from the back room of the store and confronted the petitioner. Although the record is not entirely clear, it appears a struggle ensued and the petitioner shot and killed Mr. Brown. The petitioner then took money from the store and left the premises.

The petitioner contends that he was denied effective assistance of counsel when his attorney allowed him to plead guilty to especially aggravated robbery which was

---

[1] As the convictions for especially aggravated robbery and second-degree murder are the only convictions at issue in this appeal, we will not go into detail regarding the facts surrounding the other convictions.

2

essentially incidental to the second-degree murder charge and was thus barred by due process and double jeopardy. In reviewing the petitioner's claim of ineffective assistance of counsel, this Court must determine whether the advice given or services rendered by the attorney are within the range of competence demanded of attorneys in criminal cases. Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975). To prevail on a claim of ineffective counsel, a petitioner "must show that counsel's representation fell below an objective standard of reasonableness" and that this performance prejudiced the defense. There must be a reasonable probability that but for counsel's error the result of the proceeding would have been different. Strickland v. Washington, 466 U.S. 668, 687-88, 692, 694, (1984); Best v. State, 708 S.W.2d 421, 422 (Tenn. Crim. App. 1985).

Because the petitioner in this case pled guilty, he would have to demonstrate a reasonable probability that, but for counsel's errors, he would not have pled guilty and would have insisted on going to trial. See Hill v. Lockhart, 474 U.S. 52, 59, (1985); Bankston v. State, 815 S.W.2d 213, 215 (Tenn. Crim. App. 1991).

The petitioner claims that since his convictions for especially aggravated robbery and second-degree murder violate due process and the Double Jeopardy Clause, his attorney should not have allowed him to plead guilty. The petitioner further contends that his attorney's allowance of his guilty plea constituted ineffective assistance of counsel. We disagree.

In 1932, the United States Supreme Court held that in determining whether multiple convictions violate double jeopardy, "[t]he applicable rule is that, where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one is whether each

3

provision requires proof of an additional fact which the other does not." Blockburger v. U.S., 284 U.S. 299, 304, (1932). This Court has further held that in order for two offenses to be viewed as the same offense under this test, "it is necessary that the elements of one of the offenses must necessarily be proven whenever a violation of the other offense has been proven." State v. Jackson, No. 03C01-9206-CR-00222, Hamilton County (Tenn. Crim. App. filed July 29, 1993, at Knoxville).

In light of the foregoing, it is necessary to set out the elements of the offenses for which the petitioner was convicted. Especially aggravated robbery is a robbery accomplished with a deadly weapon and that results in serious bodily injury to the victim. T.C.A. § 39-13-403 (1991). In contrast, second-degree murder is a knowing killing of another. T.C.A. § 39-13-210 (1991). "Unquestionably, neither robbery nor the use of a deadly weapon is necessarily proven by proving the elements needed for first degree or second degree murder." State v. Jackson, No. 03C01-9206-CR-00222, Hamilton County (Tenn. Crim. App. filed July 29, 1993, at Knoxville). In addition, a knowing killing of another is not necessarily proven by proving the elements needed for especially aggravated robbery. As such, under the principles set out above, these two offenses are separate and double jeopardy is not violated when a defendant is convicted of both.

However, the petitioner further contends that the especially aggravated robbery was essentially incidental to the second-degree murder charge and therefore barred by due process under the principles set out in State v. Anthony, 817 S.W.2d 299 (Tenn. 1991). We disagree. The test set out in Anthony to determine whether or not multiple convictions violate due process was whether an offense was essentially incidental to the accompanying felony. 817 S.W.2d at 306.

4

It is clear that the petitioner's robbery of the market was not essentially incidental to his murder. Either offense can be committed without committing the other. Obviously, neither offense is necessarily incidental to the other. As such, the petitioner's convictions did not violate due process.

Since it did not violate the Double Jeopardy Clause or due process for the petitioner to be convicted of both second-degree murder and especially aggravated robbery, it was not error for the petitioner's attorney to "allow" him to plead guilty to both offenses. Therefore, the petitioner was not denied the effective assistance of counsel. In sum, we affirm the trial court's denial of this petition for post-conviction relief.

_____
JOHN H. PEAY, Judge

CONCUR:

_____
JOSEPH M. TIPTON, Judge

_____
DAVID G. HAYES, Judge_____