## IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT NASHVILLE

### JUNE SESSION, 1997

FILED

November 5, 1997

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| **VERNON BEARD,** | ) | C.C.A. NO. 01C01-9607-CC-00324 |
| | ) | |
| Appellant, | ) | |
| | ) | **WILLIAMSON COUNTY** |
| | ) | |
| **V.** | ) | |
| | ) | **HON. HENRY DENMARK BELL,** |
| **STATE OF TENNESSEE,** | ) | **JUDGE** |
| | ) | |
| Appellee. | ) | **(POST CONVICTION)** |

FOR THE APPELLANT:

**J. TIMOTHY STREET**
136 Fourth Avenue, South
Franklin, TN 37064

FOR THE APPELLEE:

**JOHN KNOX WALKUP**
Attorney General & Reporter

**EUGENE J. HONEA**
Assistant Attorney General
2nd Floor, Cordell Hull Building
425 Fifth Avenue North
Nashville, TN 37243

**JOSEPH D. BAUGH, JR.**
District Attorney General

**MARK L. PURYEAR, III**
Assistant District Attorney General
Williamson County Courthouse, Ste. G-6
P.O. Box 937
Franklin, TN 37065-0937

OPINION FILED _____

AFFIRMED IN PART; REVERSED AND REMANDED IN PART

THOMAS T. WOODALL, JUDGE

# OPINION

The Petitioner, Vernon Beard, appeals from the trial court's dismissal of his petition for post-conviction relief. Petitioner raises two issues: (1) whether the trial court erred in denying him a delayed appeal under Tennessee Code Annotated section 40-30-120 (repealed 1995) and (2) whether the trial court erred in denying post conviction relief on the grounds that he received ineffective assistance of counsel. We affirm in part and reverse and remand in part.

Since the petition was filed March 9, 1995, the law prior to the enactment of the "Post-Conviction Procedure Act," effective May 10, 1995 (Tenn. Code Ann. § 40-30-201 et seq.) is applicable. A brief history of the events leading to Petitioner's conviction and this action for post-conviction relief is necessary. On August 12, 1993, a grocery store in Franklin, Tennessee, was robbed. The owners of the store reported the missing items as beer, cigarettes and cigarette lighters, as well as insurance papers. Several days later, the Franklin Police Department received a tip from an anonymous phone caller that the police could locate some of the missing merchandise at 173 Spring Street. When the police arrived at that address, Glen Bennett, Petitioner's half brother and resident of the home at 173 Spring Street, invited the police to come inside. After they followed him in, he led them to the bedroom and showed them some of the missing merchandise.

Bennett was questioned at the police station later that day, and he gave a statement which implicated himself and the Petitioner. When Petitioner was

brought to the station for questioning, Sergeant Barbara Derricks read him the Miranda rights. Petitioner signed a waiver, and then Derricks wrote out his statement. In the statement, Petitioner admitted his involvement in the burglary and theft. Petitioner was charged and was appointed an attorney. Prior to trial, the attorney met with Petitioner several times. Petitioner requested his counsel to file a motion to suppress the statement. Counsel responded that his filing the motion to suppress would be futile when Petitioner had signed the Miranda waiver of rights. Following a jury trial, Petitioner was convicted of burglary and theft under $500.00.

Prior to the sentencing hearing, counsel received a letter from Petitioner advising counsel that Petitioner wanted to appeal the conviction. On the day of the sentencing hearing Petitioner indicated that he did not want to appeal, but counsel informed Petitioner that there was some time to decide whether or not to appeal. Counsel further testified that Petitioner became ambivalent and was not exactly sure whether or not he wanted to appeal. The State attempted to elicit testimony at the post-conviction hearing that Petitioner's mother subsequently called counsel and advised that Petitioner did not want to appeal. The objection of Petitioner's attorney, based upon hearsay, was sustained. The State then specifically argued that it was not attempting to elicit this testimony to prove the truth of the matter asserted, but to show the "state of mind" of trial counsel when he was deciding whether or not to proceed with an appeal on behalf of Petitioner. The trial court then allowed, for that limited purpose, the testimony from counsel that Petitioner's mother advised that Petitioner did not want to appeal.

Trial counsel did not file a motion for new trial or otherwise pursue an appeal of Petitioner's conviction. On December 30, 1994, Petitioner sent trial counsel a letter regarding the status of his appeal. After learning that no appeal had been filed, Petitioner then filed his petition for post-conviction relief.

## I. DELAYED APPEAL

Petitioner argues the trial court erred in denying him a delayed appeal. Under Tennessee Code Annotated section 40-30-120 (repealed 1995), a petitioner denied the right to an appeal from his original conviction in violation of his constitutional rights may be granted a delayed appeal by the trial judge. On appeal, we are bound by the trial court's findings of fact in a post-conviction case unless we conclude that the evidence in the record preponderates against those findings. Black v. State, 794 S.W.2d 752, 755 (Tenn. Crim. App. 1990).

Under Tennessee Code Annotated section 40-35-401 and Rule 37 of the Tennessee Rules of Criminal Procedure, the Petitioner was entitled to appeal his sentence. While the record reflects there is no dispute as to whether petitioner was advised as to his rights to an appeal, there is a lack of evidence to prove that counsel was effective with regards to pursuing Petitioner's appeal. See State v. Black, No. 03C01-9201-CR-00001 (Tenn. Crim. App., Jackson, May 12, 1993) (No Rule 11 application filed). Tennessee Code Annotated section 40-14-203 requires petitioner's appointed counsel to represent petitioner on appeal. The record reflects that Petitioner's attorney never received definite information from Petitioner that he wished to waive his right to appeal. Since the State offered the testimony regarding the telephone call from Petitioner's mother only to show the

"state of mind" of trial counsel, this is no substantive evidence that Petitioner decided to waive his right to appeal. At best, the record shows that Petitioner "wasn't exactly sure" as to whether or not he wanted to appeal as of the date of the sentencing hearing. Furthermore, there is no written waiver filed by Petitioner's attorney regarding the right to Petitioner's appeal. See Rule 37(d), T.R.Cr.P. The record does not show that Petitioner definitely waived his right to appeal, and therefore the evidence preponderates against the findings of the trial court. Black, slip op. at 3. Cf. Sean Rainer v. State, No. 02C01-9603-CR-00103, Shelby County (Tenn. Crim. App., Jackson, March 27, 1997) (Rule 11 application denied Sept. 15, 1997).

The petitioner was entitled to an appeal as of right from his conviction. Tenn. R. Crim. P. 37; T.R.A.P. 3(b). Likewise, he was entitled to the effective assistance of counsel in pursuit of that right. See Evitts v. Lucey, 469 U.S. 387 (1985). Petitioner is entitled to proceed with a motion for new trial and delayed appeal in compliance with Tennessee Code Annotated section 40-30-120 (repealed 1995).

## II. INEFFECTIVE ASSISTANCE OF COUNSEL

### A. MOTION TO SUPPRESS CONFESSION

Petitioner argues the trial court erred by denying his request for post-conviction relief on the issue of ineffective assistance of counsel at the trial. Petitioner asserts that counsel should have filed a motion to suppress his confession. In reviewing the Petitioner's Sixth Amendment claim of ineffective assistance of counsel, this Court must determine whether the advice given or services rendered by the attorney are within the range of competence demanded by attorneys in criminal cases. Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975). To prevail on a claim of ineffective assistance of counsel, a petitioner "must show that counsel's representation fell below an objective standard of reasonableness" and that this performance prejudiced the defense in that there must be a reasonable probability that but for counsel's error the result of the proceeding would have been different. Strickland v. Washington, 466 U.S. 668, 687-88, 692, 694 (1984); Best v. State, 708 S.W.2d 421, 422 (Tenn. Crim. App. 1985).

During the post-conviction proceeding, trial counsel testified that he refused to file a motion to suppress Petitioner's confession because he felt there was "no chance" of getting the confession overturned. Counsel knew that Petitioner had signed the waiver of his Miranda rights prior to giving his confession. Petitioner claimed that the medication he was taking affected his ability to understand the waiver of rights. Counsel verified the medication Petitioner was taking with Petitioner's physician and the effect it would have upon him. The physician told counsel that the medication would not have affected Petitioner's judgment, and counsel concluded that he could not argue that Petitioner's confession was not knowingly made. Rather than file a motion to suppress, counsel stated that his trial strategy was "based on all the evidence the

-6-

jury should not treat the evidence as having any substantial weight because it was coerced, and that he was forced to sign it [confession] and that he denied that what was in the statement ever happened."

The trial court found that Petitioner's counsel was not ineffective due to his failure to file a motion to suppress. Counsel could have filed a motion to suppress the confession in addition to his "trial strategy" of arguing to the jury that the statement lacked "substantial weight," but legitimate trial tactics based upon adequate preparation do not give rise to second-guessing in the context of an ineffective assistance of counsel claim. Hellard v. State, 629 S.W.2d 4, 9-10 (Tenn. 1982).

While Petitioner claims that his statement should be suppressed just as Bennett's confession was suppressed, the circumstances surrounding Petitioner's confession were not similar. Derricks testified that while she read the "admonition and waiver of rights" to Petitioner, he told her it was not necessary to read the rights to him as "he understood them and [knew] all about that." Following her reading of rights to Petitioner, he signed the waiver and then gave a confession. Derricks also stated that Petitioner voluntarily talked with her. Petitioner attempts to persuade this court that his statement was given under the same circumstances as Bennett's statement. However, the trial court found that Bennett's "obvious limitations," including his lack of education and possible mild retardation, under the totality of the circumstances, made Bennett's waiver of rights invalid. There was no evidence that this Petitioner suffered from the same limitations.

It is apparent to this court that under the standards of <u>Strickland</u> that Petitioner did not suffer any prejudice by counsel's failure to file a motion to suppress. This issue is without merit.

## B. ALIBI DEFENSE

Petitioner also argues counsel was ineffective based upon his failure to investigate and present alibi defense witnesses on Petitioner's behalf at trial. If petitioner contends that trial counsel failed to interview or present witnesses in support of his defense, "these witnesses should be presented by petitioner at the evidentiary hearing." <u>Black v. State</u>, 794 S.W.2d 752, 757 (Tenn. Crim. App. 1990). In addition to establishing that a material witness existed and was not interviewed due to counsel's neglect in investigation, petitioner must also establish that such failure inured to his prejudice or resulted in the denial of critical evidence which caused prejudice of the petitioner. <u>Id</u>. at 757.

While Petitioner properly presented his alibi witnesses at the hearing on the post-conviction petition, the alibi evidence failed to establish either ineffectiveness of counsel or prejudice to Petitioner. During the trial, Petitioner testified that on the evening of August 12, 1993, he was asleep with his wife at his mother-in-law's home. During the post-conviction evidentiary hearing, both Petitioner's mother and brother testified that he was at their home asleep on the evening of August 12, 1993. There is also conflicting evidence regarding their testimony as to whether Petitioner was separated from his wife on that date. As the alibi testimony of Petitioner's whereabouts on the evening of August 12, 1993

is contradicted by Petitioner's own testimony at trial, the trial judge properly discredited the alibi proof.

Trial counsel testified that he interviewed both Petitioner's mother and brother and that he received conflicting information regarding the alibi defense. Even Petitioner's mother was not clear in whether she had told counsel of this alibi information prior to trial. The burden of proving the allegations at a post-conviction proceeding by a preponderance of the evidence, including ineffective assistance of counsel, is on the petitioner. Clenny v. State, 576 S.W.2d 12, 14 (Tenn. Crim. App. 1978). From the record, we find that counsel's representation did not fall below an objective standard of reasonableness. Strickland v. Washington, 466 U.S. 668, 687-88, 692, 694 (1984).

We affirm the trial court's denial of post-conviction relief in the matter of ineffective assistance of counsel at the trial, but reverse the trial court's denial of a delayed appeal. This cause is remanded to the trial court to allow Petitioner to file a motion for new trial and pursue a direct appeal of the judgments of conviction and sentence in accordance with the time limitations set forth in Tennessee Code Annotated section 40-30-120 (repealed 1995).


_____
THOMAS T. WOODALL, Judge


CONCUR:

_____
JOSEPH B. JONES, Presiding Judge


_____
WILLIAM M. BARKER, Judge