**IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE**

**AT NASHVILLE**

**APRIL 1999 SESSION**

**FILED**

May 18, 1999

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| **HAROLD L. FITTS,** | ) | |
| | ) | **C.C.A. NO. 01C01-9807-CR-00297** |
| Appellant, | ) | |
| | ) | **DAVIDSON COUNTY** |
| VS. | ) | |
| | ) | **HON. CHERYL A. BLACKBURN,** |
| **STATE OF TENNESSEE,** | ) | **JUDGE** |
| | ) | |
| Appellee. | ) | (Post-Conviction) |

FOR THE APPELLANT:                      FOR THE APPELLEE:


**RICHARD HEDGEPATH, JR.**              **JOHN KNOX WALKUP**
4800 Charlotte Pike                      Attorney General & Reporter
Nashville, TN 37209
                                         **MARVIN E. CLEMENTS, JR.**
                                         Asst. Attorney General
                                         John Sevier Bldg.
                                         425 Fifth Ave., North
                                         Nashville, TN  37243-0493


                                         **VICTOR S. JOHNSON, III**
                                         District Attorney General

                                         **ROGER MOORE**
                                         Asst. District Attorney General
                                         Washington Square, Suite 500
                                         222 Second Ave., North
                                         Nashville, TN 37219-1649


OPINION FILED:_____



**AFFIRMED**



**JOHN H. PEAY,**
Judge

**O P I N I O N**

The petitioner was charged with aggravated rape, incest, sexual battery, assault, and two counts of rape. In June 1997, he entered a best interest plea to attempted aggravated rape and was sentenced as a Range I standard offender to ten years in the Department of Correction. All other charges were dismissed. In September 1997, he filed a petition for post-conviction relief and a subsequent amendment alleging ineffective assistance of counsel. The trial court entered an order denying relief, and the petitioner appealed. Finding no merit to the petitioner's arguments, we affirm.

According to the plea submission hearing transcript, the State was prepared to prove that in the early morning hours of February 16, 1997, the petitioner climbed into his thirteen-year-old daughter's bed, undressed her, and sexually penetrated her. The police were called to the residence, where the petitioner, who was intoxicated, was placed under arrest. When the petitioner "had sobered up some," he told a detective that "he was just playing with her, that he put his hands on her, and pulled his penis out, but that he had not penetrated her." According to the State's discovery response, the victim was examined in a hospital within hours of the incident. Although there are suggestions in the parties' argument and the record that the results of the rape kit test were negative, the poor quality of the copy of the discovery response prevents this Court from so concluding. Even so, the medical examination records indicate the victim sustained anal trauma.

At the post-conviction hearing, Donnie Whitley, one of the petitioner's relatives by marriage, testified that he spent the evening of February 15 drinking alcohol with the petitioner at Veronica Fitts' apartment, where the petitioner was staying. Ms. Fitts, the petitioner's wife and the victim's stepmother, was not home at the time.

2

According to Mr. Whitley, the petitioner became so intoxicated he was "knocked out" and went to bed in another room. Mr. Whitley testified that meanwhile, he went to sleep on the living room couch. He testified he later woke to the petitioner's daughter, the victim, crying hysterically. According to Mr. Whitley, he tried to wake the petitioner, but it was difficult because the petitioner was still in a drunken "stupor." Mr. Whitley admitted he was not present when the petitioner told a detective he had touched the victim's vagina with his hand and placed his penis on her.

Ms. Fitts testified she returned to her apartment, where the petitioner, the victim, his other children, and Mr. Whitley were staying, at 1:30 or 2:00 a.m. on February 16. According to Ms. Fitts, everyone in the apartment had been sleeping before she arrived at the apartment, especially the petitioner, who was "knocked out, asleep, cold drunk." Ms. Fitts testified her return caused them to awaken, and someone told her the victim was upset and had claimed "someone was trying to feel on her." According to Ms. Fitts, she then talked to the victim, who was upset and told her she had had a dream about sex. Ms. Fitts testified the victim denied anyone had touched her. Ms. Fitts admitted talking to Richard Tennent, the petitioner's trial attorney, and testified she had told him everything that happened that evening, including that the victim had denied anyone had touched her. She also testified that Mr. Tennent had told her it was in the petitioner's best interest to plead guilty because the victim's anticipated testimony that the petitioner had sexually penetrated her would be enough to convict him.

The petitioner testified that Mr. Tennent never discussed with him the State's discovery response, his "alleged confession," the anticipated trial evidence, the victim's medical records, or the potential witnesses. He testified that if he had known about his wife's potential testimony, the medical evidence, and the results of the rape kit

3

test, he would not have pled guilty.

Mr. Tennent testified he reviewed with the petitioner the medical reports and the State's discovery response and explained the petitioner's potential defenses to him. He recalled talking to Ms. Fitts on several occasions, but he did not remember her telling him that the victim had claimed the rape never occurred, even though he recalled telling Ms. Fitts and the petitioner to notify him if the victim changed her story and insisted he would have remembered learning whether the victim changed her story. He admitted there was no objective scientific evidence specifically identifying the petitioner as his daughter's rapist and he did not know whether the results from the rape kit test and the TBI crime lab tests had been negative. Nevertheless, he testified he told the petitioner that the victim would testify he tried to penetrate her anally and that the medical evidence of anal trauma would corroborate her testimony. He testified he sent a letter to the petitioner describing the evidence against him and the defenses available to him, and this letter was entered into evidence. He also testified that the petitioner claimed to have no recollection of what had occurred, which was one of the reasons he entered a best interest plea. According to Mr. Tennent, a plea was in the petitioner's best interest, even though he would have gone to trial had the petitioner so chosen.

In her written order, the post-conviction court judge specifically accredited Mr. Tennent's testimony over that of Mr. Whitley, Ms. Fitts, and the petitioner. The judge found, based on the letter Mr. Tennent sent to the petitioner, that Mr. Tennent had discussed with the petitioner all possible defenses, including intoxication and a claim that the offenses never occurred. The judge also found that Mr. Tennent had reviewed with the petitioner the facts of the case, the testimony of potential witnesses, and all of his options. Moreover, the judge found that Mr. Tennent adequately investigated the case

4

by interviewing witnesses, receiving discovery information from the State, and reviewing the case with the petitioner. Based on these findings, the post-conviction court judge concluded the petitioner had not proven ineffective assistance of counsel and accordingly denied him relief.

Under the Post-Conviction Procedure Act of 1995, the petitioner has the burden of proving the factual allegations in his or her petition by clear and convincing evidence. T.C.A. § 40-30-210(f). Furthermore, the factual findings of the trial court in hearings "are conclusive on appeal unless the evidence preponderates against the judgment." State v. Buford, 666 S.W.2d 473, 475 (Tenn. Crim. App. 1983).

To succeed on his Sixth Amendment claim of ineffective assistance of counsel, the petitioner must prove that the advice given or services rendered by his attorney were below the range of competence demanded of attorneys in criminal cases. Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975). He "must show that counsel's representation fell below an objective standard of reasonableness" and that this performance prejudiced the defense. There must be a reasonable probability that but for counsel's error the result of the proceeding would have been different. Strickland v. Washington, 466 U.S. 668, 687-88, 692, 694 (1984); Best v. State, 708 S.W.2d 421, 422 (Tenn. Crim. App. 1985). To satisfy the requirement of prejudice, he must demonstrate a reasonable probability that, but for counsel's errors, he would not have pled guilty and would have insisted on going to trial. See Hill v. Lockart, 474 U.S. 52, 59 (1985); Bankston v. State, 815 S.W.2d 213, 215 (Tenn. Crim. App. 1991).

The petitioner claims that Mr. Tennent's representation fell below the applicable range of competence because Mr. Tennent did not discuss with him the

potential defense of "nonoccurrence" and did not attempt to discover evidence that might support this defense. The petitioner's claim ignores the letter from Mr. Tennent to the petitioner that was entered into evidence. According to this letter, the petitioner had told Mr. Tennent that he could not remember what had happened, but he could not explain why the victim "would make such an awful thing up." As the post-conviction court found, this portion of the letter confirms that Mr. Tennent and the petitioner had, to some extent, discussed the possibility of claiming that the rape never occurred, but that there was no evidence to support such a claim. Even assuming that Mr. Tennent failed to discuss this potential defense with the petitioner and discover evidence to support this potential defense and that such failures fell below the applicable range of competence, the petitioner has not shown resulting prejudice, thus precluding post-conviction relief on this point. Strickland, 466 U.S. at 687-88, 692, 694; Best, 708 S.W.2d at 422.

The petitioner also claims that Mr. Tennent failed to tell him that Ms. Fitts had said the victim had denied the rape occurred and failed to discuss with him the lack of objective scientific evidence. Mr. Tennent's testimony, which the post-conviction court found to be more credible than the petitioner's, casts doubt on whether Ms. Fitts ever told him that the victim had denied a rape had occurred. Mr. Tennent testified that he asked Ms. Fitts to tell him if the victim changed her story and that he would surely remember such a development in the case, but he did not remember Ms. Fitts telling him that. Moreover, Mr. Tennent testified he told the petitioner that there was evidence of anal trauma, but no evidence specifically identifying the petitioner as the cause of the trauma.

But even assuming that Mr. Tennent did not discuss the victim's alleged statement and the "lack of objective scientific evidence" with the petitioner, and even assuming that such a failure fell below the applicable range of competence, the petitioner

6

has not shown resulting prejudice. The record shows that the victim would have testified at trial that the petitioner penetrated her anally, which would have been corroborated by the evidence of anal trauma. Moreover, the petitioner admitted to a police detective that he had placed his hand on the victim's vagina, pulled his penis out, and placed it on the victim. In light of this evidence, even though the petitioner claims he would not have pled guilty had he been fully informed, he has not shown how the result of the proceedings would have been different had he not entered a best interest plea. Thus, he has not shown a reasonable probability that he suffered prejudice as a result of Mr. Tennent's conduct and is not entitled to post-conviction relief. See Bankston, 815 S.W.2d at 215.

_____
JOHN H. PEAY, Judge

CONCUR:

_____
DAVID H. WELLES, Judge

_____
J. CURWOOD WITT, JR., Judge