IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT NASHVILLE

SEPTEMBER 1999 SESSION

FILED

September 27, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| WILLIE LEE BENFORD, | ) | |
| | ) | C.C.A. NO. 01C01-9905-CR-00157 |
| Appellant, | ) | |
| | ) | DAVIDSON COUNTY |
| VS. | ) | |
| | ) | HON. CHERYL BLACKBURN, |
| STATE OF TENNESSEE, | ) | JUDGE |
| | ) | |
| Appellee. | ) | (Post-Conviction) |

FOR THE APPELLANT:

RICHARD HEDGEPATH, JR.
4800 Charlotte Pike
Nashville, TN 37209

FOR THE APPELLEE:

PAUL G. SUMMERS
Attorney General & Reporter

TODD R. KELLEY
Asst. Attorney General
Cordell Hull Bldg., 2nd Fl.
425 Fifth Ave., North
Nashville, TN 37243-0493

VICTOR S. JOHNSON, III
District Attorney General

ROGER MOORE
Asst. District Attorney General
Washington Square, Suite 500
222 Second Ave., North
Nashville, TN 37201-1649

OPINION FILED:_____

AFFIRMED

JOHN H. PEAY,
Judge

# O P I N I O N

On January 23, 1997, the petitioner pled guilty to one count of rape of a child and entered a best interest plea to a second count of rape of a child. Pursuant to a plea agreement, the petitioner was sentenced to a term of fifteen years on each count. These sentences were to run concurrently. The petitioner's subsequent post-conviction petition was denied by the lower court after an evidentiary hearing. The petitioner now appeals and contends that his guilty plea was not voluntarily, knowingly, or understandingly entered and that he was denied the effective assistance of counsel. After a review of the record and applicable law, we find no merit to the defendant's contentions and thus affirm the judgment of the lower court.

Initially, we note that under the Post-Conviction Procedure Act of 1995, the petitioner has the burden of proving the factual allegations in his or her petition by clear and convincing evidence. T.C.A. § 40-30-210(f). Furthermore, the factual findings of the trial court in hearings "are conclusive on appeal unless the evidence preponderates against the judgement." State v. Buford, 666 S.W.2d 473, 475 (Tenn. Crim. App. 1983).

The petitioner first contends that his guilty plea was involuntarily and unknowingly entered because the trial court failed to inform him that due to the nature of his conviction, his sentence would be served without the possibility of parole or sentence reduction credits. See T.C.A. § 39-13-523.

After hearing the petitioner's testimony as well as that of his attorney, and after reviewing the transcript of the guilty plea which was introduced into evidence, the court below found as follows:

> The petitioner alleges as grounds for his claim of an
> involuntary plea of guilty that the Court failed to inform him
> that he would have to serve his fifteen (15) year sentence

2

without the possibility of parole and without sentence reduction credits. However, the transcript of the submission hearing, which was entered as exhibit number two to the post-conviction hearing, shows otherwise. On page two of the transcript, the Court informs the petitioner that he will have to serve his entire sentence undiminished by any sentence reduction credits. The Court then asked the petitioner if that was his understanding of the agreement. The petitioner responded in the affirmative.

Based upon the transcript of the submission hearing in this matter, the Court finds that this claim is without merit.

The evidence does not preponderate against the lower court's factual findings and conclusions. This issue is without merit.

The petitioner next claims that he was denied the effective assistance of counsel. In reviewing the petitioner's Sixth Amendment claim of ineffective assistance of counsel, this Court must determine whether the advice given or services rendered by the attorney are within the range of competence demanded of attorneys in criminal cases. Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975). To prevail on a claim of ineffective counsel, a petitioner "must show that counsel's representation fell below an objective standard of reasonableness" and that this performance prejudiced the defense. There must be a reasonable probability that but for counsel's error the result of proceeding would have been different. Strickland v. Washington, 466 U.S. 668, 687-88, 692, 694 (1984); Best v. State, 708 S.W.2d 421, 422 (Tenn. Crim. App. 1985). To satisfy the requirement of prejudice, the petitioner must demonstrate a reasonable probability that but for counsel's errors, he would not have pled guilty and would have insisted on going to trial. See Hill v. Lockart, 474 U.S. 52, 59 (1985); Bankston v. State, 815 S.W.2d 213, 215 (Tenn. Crim. App. 1991).

The petitioner argues that his attorney, Michie Gibson, was ineffective because he did not inform the petitioner that his sentence would be served without the possibility of parole or sentence reduction credits. Instead, according to the petitioner, his attorney told him his sentence would be served at thirty percent. The defendant

contends that in the absence of these errors, he would not have pled guilty and would have insisted on going to trial. With respect to these allegations, the court below found as follows:

> Mr. Gibson testified that at no time did he tell the petitioner that he would serve his sentence at thirty percent (30%). In fact, testimony was that Mr. Gibson specifically told the petitioner that based on the charges, the petitioner would have to serve the sentence at one-hundred percent(100%). This testimony corresponds with the answers that the petitioner gave the Court at the submission hearing. The petitioner was told by the Court that the sentence would be served at one-hundred percent (100%) and the petitioner agreed that this was the agreement. Also, the petitioner had no questions for the Court concerning this issue when given the opportunity to inquire as to anything he was unsure about.
>
> Based on the testimony and the exhibits introduced at the hearing, and the observation of the witnesses, the Court finds that petitioner's claims are not credible. The plea was not the result of erroneous advise [sic] nor were they entered involuntary [sic], unknowingly or not understandingly.
>
> The petitioner has not carried his burden regarding these issues. Mr. Gibson offered effective assistance of counsel and the plea was entered knowingly, voluntarily and understandingly.

Again, the evidence does not preponderate against the lower court's findings. This issue is also without merit.

Accordingly, we affirm the lower court's denial of post-conviction relief.

_____
JOHN H. PEAY, Judge


CONCUR:


_____
DAVID H. WELLES, Judge


_____
JOHN EVERETT WILLIAMS, Judge