# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT KNOXVILLE

## JUNE 1999 SESSION

FILED

July 8, 1999

Cecil Crowson, Jr.
Appellate Court
Clerk

| | | |
|---|---|---|
| JAMES SPRAGUE, | ) | |
| | ) | C.C.A. NO. 03C01-9805-CR-00194 |
| Appellant, | ) | |
| | ) | KNOX COUNTY |
| VS. | ) | |
| | ) | HON. RICHARD BAUMGARTNER, |
| STATE OF TENNESSEE, | ) | JUDGE |
| | ) | |
| Appellee. | ) | (Post-Conviction) |

FOR THE APPELLANT:

**LAURA RULE HENDRICKS**
606 West Main St., Suite 350
P.O. Box 84
Knoxville, TN 37901-0084

FOR THE APPELLEE:

**PAUL G. SUMMERS**
Attorney General & Reporter

**R. STEPHEN JOBE**
Asst. Attorney General
Cordell Hull Bldg., 2nd Fl.
425 Fifth Ave., North
Nashville, TN 37243-0493

**RANDALL NICHOLS**
District Attorney General

**SCOTT GREEN**
Asst. District Attomey General
400 Main Ave.
Knoxville, TN 37902

OPINION FILED:_____

**AFFIRMED**

**JOHN H. PEAY,**
Judge

# O P I N I O N

The petitioner pled guilty to two counts of sexual exploitation of a minor and entered a best interest plea to one count of aggravated sexual battery. Pursuant to a plea bargain, he was sentenced to a term of one year on each count of sexual exploitation of a minor and eight years for aggravated sexual battery. These sentences were to run concurrently. His subsequent petition for post-conviction relief was denied by the post-conviction court after an evidentiary hearing. The petitioner now appeals and contends that he did not receive the effective assistance of counsel and that his guilty pleas were not knowing or voluntary. After a review of the record and applicable law, we find no merit to the petitioner's contentions and thus affirm the denial of his post-conviction petition.

Under the Post-Conviction Procedure Act of 1995, the petitioner has the burden of proving the factual allegations in his or her petition by clear and convincing evidence. T.C.A. § 40-30-210(f). Furthermore, the factual findings of the trial court in hearings "are conclusive on appeal unless the evidence preponderates against the judgment." State v. Buford, 666 S.W.2d 473, 475 (Tenn. Crim. App. 1983).

In reviewing the petitioner's Sixth Amendment claim of ineffective assistance of counsel, this Court must determine whether the advice given or services rendered by the attorney are within the range of competence demanded of attorneys in criminal cases. Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975). To prevail on a claim of ineffective counsel, a petitioner "must show that counsel's representation fell below an objective standard of reasonableness" and that this performance prejudiced the defense. There must be a reasonable probability that but for counsel's error the result of the proceeding would have been different. Strickland v. Washington, 466 U.S. 668, 687-88, 692, 694 (1984); Best v. State, 708 S.W.2d 421, 422 (Tenn. Crim. App. 1985).

2

To satisfy the requirement of prejudice, the petitioner would have had to demonstrate a reasonable probability that, but for counsel's errors, he would not have pled guilty and would have insisted on going to trial. See Hill v. Lockart, 474 U.S. 52, 59 (1985); Bankston v. State, 815 S.W.2d 213, 215 (Tenn. Crim. App. 1991).

The petitioner first contends that his attorney, Raymond Shirley, was ineffective in that he failed to adequately investigate the facts of the case and witnesses to the case. The proof at the post-conviction hearing established that Mr. Shirley tried to locate several witnesses mentioned by the petitioner. However, he was unable to locate these witnesses by telephone or at the address given by the petitioner. According to Mr. Shirley, these witnesses "were gone, disappeared." One of the witnesses came to Mr. Shirley's office and he was able to take her statement. Mr. Shirley testified that he "checked everything out" that the petitioner gave him and "nothing panned out." Mr. Shirley stated that he met with the petitioner "many times" and "communicated with [the petitioner] about what [he] was learning and the investigation from the District Attorney." Mr. Shirley further testified that on the petitioner's trial day, he was prepared for a trial if the petitioner decided not to plead guilty.

This Court has previously held, "When a petitioner contends that trial counsel failed to discover, interview, or present witnesses in support of his defense, these witnesses should be presented by the petitioner at the evidentiary hearing." Black v. State, 794 S.W.2d 752, 757 (Tenn. Crim. App. 1990). The petitioner offered no proof on this issue other than his own testimony. The petitioner has failed to prove by clear and convincing evidence that Mr. Shirley did not adequately investigate the facts of and witnesses to this case or that he was prejudiced by any alleged inadequacy. See id. at 758. As such, this contention is without merit.

The petitioner further contends that he received the ineffective assistance

of counsel because Mr. Shirley "did not recognize [the petitioner's] increasing irrationality on the day of trial." The petitioner claims that this "irrationality" was a result of his hypoglycemia, a condition he was unaware of at the time of his guilty plea, and his allergy to cigarette smoke. However, the only evidence of any "irrationality" on the part of the petitioner is the petitioner's own testimony. According to Mr. Shirley, who has known the petitioner since the 1950s, there was no indication that the petitioner did not understand the proceedings. Mr. Shirley testified that the petitioner seemed lucid and was actively involved in the plea negotiations with the State. In light of the foregoing, the petitioner has failed to prove by clear and convincing evidence that Mr. Shirley failed to recognize any alleged "irrationality" on the part of the petitioner or that the evidence preponderates against the trial court's finding that he received the effective assistance of counsel. This contention is also without merit.

The petitioner further contends that he did not receive the effective assistance of counsel because Mr. Shirley "was involved in a guilty plea agreement in which [the petitioner] agreed to plead to more charges than the State was demanding." However, the evidence presented at the post-conviction hearing indicated that the petitioner was offered three different plea bargain choices by the State. The petitioner rejected two of these offers, but worked with Mr. Shirley in "tweaking" the third offer. The third offer consisted, in part, of the petitioner pleading guilty to only one Class E felony of sexual exploitation of a minor. However, according to Mr. Shirley, although it would have been "more advantageous" to have taken this offer, the petitioner "kept playing around with [the offer] wanting to adjust, wanting more of this or change this or change that. At some point in all of that [the State] just said no." As a result, the petitioner pled guilty to two Class E felonies as part of his plea bargain. There is no proof in the record that any subsequent change in the offered plea bargain was the result of ineffective assistance of counsel. This issue is without merit.

4

The petitioner next contends that his guilty pleas were not voluntarily entered. The petitioner argues that at the time of the guilty plea he was suffering from a leg injury, a broken nose, and an ear infection and that he pled guilty because he believed he could receive the necessary medical treatment only in prison. He further claims that Mr. Shirley told him if he did not plead guilty, he could be in the county jail for several years while the charges pending against him were awaiting trial and disposition. However, the only evidence presented by the petitioner to support these claims was the petitioner's own testimony. In fact, Mr. Shirley specifically denied advising the petitioner he would wait in county jail for several years awaiting disposition of pending cases. Mr. Shirley also testified that they infrequently discussed the petitioner's medical problems, and he did not recall the petitioner telling him he needed medical treatment. He also did not recall telling the petitioner he could receive medical treatment in prison.

The petitioner also contends that his guilty pleas were not knowingly entered. He claims that on the day he pled guilty, he did not eat lunch, and as a result, he was suffering from low blood sugar when he pled guilty. According to the petitioner, this low blood sugar caused him to be confused and disoriented. The petitioner also testified that he is allergic to cigarette smoke and that prior to entering his guilty plea, he was exposed to cigarette smoke in the county jail cell and in the holding cell. The petitioner claimed that such exposure caused him to be in a "dreamlike" or "drunken" state at the time he pled guilty. In contrast, Mr. Shirley testified that the petitioner was lucid at the time of his guilty plea and that there was no indication that the petitioner did not understand the proceedings. Mr. Shirley also testified that the petitioner "never appeared confused" on the day of his guilty plea.

We note that questions concerning the credibility of witnesses, the weight and value to be given to their testimony, and the factual issues raised by the evidence are to be resolved by the trial court, not this Court. Black, 794 S.W.2d at 755. The post-

5

conviction court found that the petitioner "did not suffer from any medical condition that interfered with his ability to make a knowing, voluntary plea." The post-conviction court further found that there was no reasonable basis for petitioner's assertion that he was coerced into pleading guilty with the promise of medical treatment. As it was within the province of the post-conviction court to accredit the testimony of Mr. Shirley over that of the petitioner and the evidence does not preponderate against the trial court's judgment, this issue is without merit.

Accordingly, we affirm the post-conviction court's denial of the petitioner's post-conviction petition.

_____
JOHN H. PEAY, Judge


CONCUR:


_____
DAVID G. HAYES, Judge


_____
JOHN EVERETT WILLIAMS, Judge