IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT KNOXVILLE

AUGUST 1997 SESSION



FILED

December 9, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE | ) | NO. 03C01-9611-CC-00435 |
| Appellee, | ) | |
| | ) | BLOUNT COUNTY CIRCUIT |
| v. | ) | |
| | ) | Hon. D. Kelly Thomas, Jr., Judge |
| MARVIN A. KING, JR. | ) | |
| | ) | (Post-Conviction) |
| Appellant. | ) | |
| | ) | |

FOR THE APPELLANT

Edgar A. Wilder
222 Ellis Avenue
Maryville, TN. 37804

FOR THE APPELLEE

Charles W. Burson
Attorney General & Reporter

Peter M. Coughlan
Assistant Attorney General
Criminal Justice Division
450 James Robertson Parkway
Nashville, TN. 37243-0493

Michael L. Flynn
District Attorney General
363 Court Street
Maryville, TN. 37804-5906

Philip H. Morton
Assistant District Attorney General
363 Court Street
Maryville, TN. 37801

OPINION FILED:_____

AFFIRMED

WILLIAM M. BARKER,
JUDGE

OPINION

The appellant, Marvin A. King, appeals the Blount County Circuit Court's dismissal of his post-conviction petition. In 1992, the appellant and two co-defendants, Michael Hatfield and Floyd Caulder, were convicted by a jury and sentenced for the especially aggravated robbery of one William Cimino. The appellant was sentenced as a Range II multiple offender to thirty (30) years in the Tennessee Department of Correction. The appellant, thereafter, filed a direct appeal to this Court and we affirmed his conviction.[1] The supreme court denied the appellant's petition for permission to appeal on July 18, 1994.

We affirm the judgment of the trial court.

In February 1995, the appellant filed a pro-se petition for post-conviction relief. He alleged that: (1) his counsel provided ineffective assistance at trial; (2) his constitutional rights to a fair trial were violated by the State of Tennessee; (3) the trial judge improperly instructed the jury on reasonable doubt; and (4) the trial judge led the jury to believe that he was against the appellant. Through a newly appointed counsel, the appellant filed an amended petition, containing the above stated grounds.

Following an evidentiary hearing, the trial court dismissed the appellant's petition upon finding that his trial counsel exhibited advocacy and strategy that "exceeded the standard of effectiveness and competency in East Tennessee." The trial court further found that the appellant had waived the other grounds for relief by not raising them in his direct appeal.

In this appeal, the appellant raises the single issue of his counsel's effectiveness at trial. He does not challenge the trial court's finding that he waived three grounds for relief alleged in his petition.

---

[1]State v. Michael Dwayne Hatfield, et al, No. 03C01-9307-CR-00233 (Tenn. Crim. App., at Knoxville, March 29, 1994). The appellant's co-defendants filed a joint appeal with him.

In the direct appeal, this Court described the events surrounding the robbery as follows:

In December of 1991, Kimberly Edwards went to the residence of the victim, William Cimino. The victim had recently moved from a trailer park to a bus parked behind the Airbase Market and Edwards had gone to see if he had found someone to help him move. As she drove behind the market, she noticed a van parked beside Cimino's bus. There was a man sitting on the driver's side of the van whom she identified as Floyd Caulder. She saw another man, Mike Hatfield, standing between the bus and the van. A third man, Marvin King, was inside the bus and handing a bread tray out the window to Hatfield. A yellow garbage bag sat on the bread tray. Hatfield walked to the back of the van and appeared to place the garbage bag inside the van and throw the tray on the ground. Edwards stated that the victim kept bread trays inside his bus and placed many of his personal belongings in plastic bags which he stored on the trays.

When she drove up, King jumped out the window and ran behind the van. He was followed by Hatfield. The two men continued to run in the direction of Alcoa Highway.

Edwards drove back to the Airbase Market and called 9-1-1. She reported that the market was being robbed because she did not believe the police would respond to a call regarding a man living in a bus. While she was on the phone, she saw the van driving down the road and was able to identify Hatfield sitting on the passenger's side. About the same time, a police officer appeared on the scene and she directed him toward the van. Another officer soon arrived and took her to the van where she identified Caulder and Hatfield. She also identified King who was found walking up the road toward the van. He had blood on the front of his shirt and shoes.

The prosecution played a tape recording of the testimony of

William Cimino from the preliminary hearing. The court explained that the victim had passed away before trial from causes unrelated to the acts alleged in this case.

The victim testified that around 4:00 p.m. on December 27, 1991, Caulder and Hatfield helped him move into his bus. He paid them $30.00 for their services. Later that evening, King came to the victim's bus and asked if he could spend the night. The victim responded that he had just moved in and he did not have room. About fifteen minutes later, King returned with Caulder and Hatfield. The men sought entry into the bus, but the victim would not allow them in and placed a cane across the door to bar their entry. King and Hatfield, however, pressed on the doors, forcing them open and the three men entered the bus. Cimino went to the back and sat on his bed. Caulder and Hatfield sat in the front of the bus and King sat on the bed next to the victim. After a few minutes, the victim got up to take his dog for a walk. As he was leaving, King struck him several times on the side of the head. He fell down on his hands and knees and heard either Caulder or Hatfield say, "We'll get his money," and the other respond, "It's in his billfold." He then felt King reaching into his pockets. The victim stated he had about $145.00 in his billfold. He next remembered a car driving up and yelling for help, but the car drove away. The appellants then left the bus. The victim was treated later in an emergency room and received thirty-eight stitches to

3

close his head wounds.

See Hatfield, supra.

The appellant claims that his trial counsel was ineffective in four respects: (1) counsel failed to investigate the presence of a gun or other weapon at the crime scene; (2) counsel did not properly advise the appellant as to the admissibility of the victim's prior testimony at the preliminary hearing; (3) counsel did not interview all of the witnesses on the witness list to determine if there was exculpatory or contradictory evidence; and (4) counsel did not advise the appellant of his right to appeal to the United States Supreme Court. The appellant filed his original pro-se petition under the pre-1995 Post Conviction Procedure Act. Tenn. Code Ann. § 40-30-101 -- 124 (Repealed 1995). Under that act, the appellant had the burden of proving the allegations in his petition by a preponderance of the evidence. See McBee v. State, 655 S.W.2d 191, 195 (Tenn. Crim. App. 1987).[2]

Therefore, to prevail on his claim of ineffective assistance of counsel, the appellant must show by a preponderance of the evidence that the advice or services provided by his counsel fell below the range of competence demanded of attorneys in criminal cases. See Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975). Furthermore, he must demonstrate "prejudice" by proving that, but for counsel's incompetence, the result of the trial proceeding would have been different. See Strickland v. Washington, 466 U.S. 668, 687-88, 692, 694, 104 S.Ct. 2052, 2064, 2067-68, 80 L.Ed.2d 674 (1984); Best v. State, 708 S.W.2d 421, 422 (Tenn. Crim. App. 1985). The Strickland standard has been applied to the right to counsel under Article I, Section 9 of the Tennessee Constitution. See State v. Melson, 772 S.W.2d 417, 419 n.2 (Tenn. 1989), cert. denied, 493 U.S. 874 (1989).

The trial court found that the appellant's counsel executed a reasonable and

_____

[2]If the appellant had filed his petition after May 10, 1995, he would have been subject to the 1995 Post Conviction Procedure Act. Tenn. Code Ann. §§ 40-30-201 -- 310 (1996 Supp.). Tennessee Code Annotated section 40-30-210 (f) (1996 Supp.) requires petitioners to prove their allegations of fact by clear and convincing evidence.

4

competent strategy during the trial and gave the appellant his "best" legal advice as to the admissibility of the victim's prior testimony. The trial court's findings of fact in post-conviction proceedings "are conclusive on appeal unless the evidence preponderates against the judgment." See State v. Buford, 666 S.W.2d 473, 475 (Tenn. Crim. App. 1983). In this case, we find no evidence to controvert the findings of the trial court. To the contrary, the record reflects that the appellant's counsel acted with reasonable diligence and competency in representing the appellant at trial.

Counsel spent eighty to one hundred hours in researching and preparing the appellant's defense.[3] Although counsel admitted at the post-conviction hearing that he did not interview Kimberly Edwards, he testified that he interviewed every other witness listed on the indictment and various other defense witnesses recommended by the appellant. He further explained that he conducted a thorough pre-trial investigation including inquiries as to the possible location of a gun at the crime scene. Counsel also discovered and presented evidence at trial concerning the lack of the victim's fingerprints on the alleged stolen money.

Counsel advised the appellant that the victim's testimony at the preliminary hearing would probably be admitted at trial, but that its admission might constitute reversible error on appeal. He further encouraged the appellant to accept a plea agreement and avoid any prejudice at trial from the victim's testimony.[4] When the appellant declined to accept the agreement, counsel represented him at trial and put on a defense challenging inconsistencies in the prosecution's evidence and specifically arguing that the victim, in his impoverished condition, could not have possessed $145.00 to be robbed by the appellant.

---

[3]Counsel testified at the post-conviction hearing that he worked together with the two attorneys representing the co-defendants, Hatfield and Caulder, to an extent before potential conflicts arose.

[4]The appellant's counsel worked out a pre-trial plea agreement with the State in which the appellant would plead guilty to aggravated robbery and receive an eight-year sentence as a Range I offender. Additionally, the appellant would have been required to testify against the two co-defendants, Hatfield and Caulder. The appellant declined the agreement because he refused to testify against the co-defendants.

After the appellant's conviction, his counsel continued to represent him on direct appeal to this Court. Counsel further requested permission to appeal to our supreme court and attempted to arrange for an appeal to the United States Supreme Court. According to counsel, he informed the appellant of his plans to seek certiorari in the nation's highest court; however, a lack of funding prevented him from carrying the case to that level.

In reviewing counsel's conduct, a "fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from the counsel's perspective at the time." See Strickland, 466 U.S. at 689, 104 S.Ct. at 2065; Hellard v. State, 629 S.W.2d 4, 9 (Tenn. 1982). We have reviewed counsel's conduct under those guidelines and we find no evidence to disturb the trial court's finding that he provided competent representation at trial.

Assuming arguendo that the appellant's counsel was somehow deficient at trial, the appellant has failed to demonstrate any prejudice from this deficiency. Specifically, in his brief and in his testimony at the post-conviction hearing, the appellant makes no mention of how the outcome of his case would have been different if his trial counsel had performed competently. We find that the appellant has failed to carry his burden of proving any prejudice as required by Strickland, 466 U.S. at 687, 104 S.Ct. at 2064.

Additionally, we note that the evidence of the appellant's guilt weighed heavily against him at trial. For example, Detective Dale Gourley of the Blount County Sheriff's Department testified as to a pre-trial statement that the appellant made in which he admitted hitting the victim several times with a hammer before taking money out of the victim's front pocket. Additionally, testimony of the victim and the eyewitness Edwards was admitted against the appellant at trial.

Based on the foregoing, we affirm the trial court's decision to deny post-conviction relief concerning the effective assistance of counsel at trial.

_____
WILLIAM M. BARKER, JUDGE

CONCUR:

_____
GARY R. WADE, JUDGE

_____
PAUL G. SUMMERS, JUDGE