IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT JACKSON

NOVEMBER 1996 SESSION

| | | |
|---|---|---|
| KELVIN A. TAYLOR, | ) | NO. 02C01-9512-CC-00387 |
| | ) | |
| Appellant | ) | WEAKLEY COUNTY |
| | ) | |
| V. | ) | HON. WILLIAM B. ACREE, JR. |
| | ) | JUDGE |
| STATE OF TENNESSEE, | ) | |
| | ) | (Post-Conviction) |
| Appellee | ) | |

FILED

April 3, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

FOR THE APPELLANT:

Colin Johnson
P.O. Box 298
Dresden, Tennessee 38225

FOR THE APPELLEE:

John Knox Walkup
Attorney General and Reporter
450 James Robertson Parkway
Nashville, Tennessee 37243-0493

Robin L. Harris
Assistant Attorney General
450 James Robertson Parkway
Nashville, Tennessee 37243-0493

Thomas A. Thomas
District Attorney General
P.O. Box 218
Union City, Tennessee 38261

James T. Cannon
Assistant District Attorney General
P.O. Box 218
Union City, Tennessee 38261

OPINION FILED: _____

AFFIRMED

William M. Barker, Judge

_____ OPINION

The appellant, Kelvin A. Taylor, appeals as of right the Weakley County Circuit Court's dismissal of his post-conviction relief petition. He argues on appeal that his guilty plea to the Class C felony of robbery was not knowing and voluntary and that he received ineffective assistance of counsel. We have reviewed the record upon appeal and find that no constitutional error exists; therefore, we affirm the trial court's judgment.

The appellant was originally indicted by the Weakley County Grand Jury for the offense of robbery, and the misdemeanor offenses of evading arrest and vandalism.[1] He appeared in court on September 12, 1994, for his arraignment and entered a plea of not guilty. The trial court appointed the public defender's officer to represent the appellant upon a showing of his indigency. Thereafter, the public defender's office arranged an appointment for the appellant to come to its office to discuss his case, but the appellant failed to keep that appointment.

On September 30, 1994, a hearing was scheduled in the trial court for the purpose of determining whether a successful plea bargain arrangement had occurred, thereby precluding the necessity of a trial. The district attorney general had made an offer to allow the appellant to enter a plea of guilty to the robbery offense in exchange for a three-year sentence to be served in the Tennessee Department of Correction. The appellant rejected that offer and insisted on going to trial, knowing that in the event he was convicted by a jury, in all probability, he would be sentenced as a Range II offender with a sentence in excess of the three-year offer. Accordingly, the trial court scheduled the defendant's trial for November 23, 1994.

As the appellant was leaving after advising the trial court of his desire for a trial, he encountered Joe Terry, an investigator from the public defender's office, in the hallway outside of the courtroom. Terry advised the appellant that the victim of the robbery had been present in the courtroom that morning and had identified the

---

[1]The evading arrest and vandalism charges were dismissed. Only the robbery conviction is involved in this post-conviction proceeding.

appellant as the person who robbed him. Terry advised the appellant that not only was the victim's identification positive, but the victim told Terry that the appellant was wearing the same clothing that day in court as he wore on the evening of the robbery. Hearing this, the appellant advised Mr. Terry that he had at least five alibi witnesses available who could testify that he was in attendance at a party at the time of the robbery. Almost in the same breath, however, the appellant also told Mr. Terry that if the State would amend its offer so as to allow him to serve his three-year sentence in community corrections, he would enter a plea of guilty. At that point, Mr. Terry talked with the director of the Weakley County community correction program, who was also present in court that morning, and obtained his approval for Taylor's participation in the Westate Corrections Network[2]. Terry then discussed the matter with the district attorney general, and he indicated his willingness to modify the plea bargain offer. Taylor then agreed to enter his plea of guilty as a Range I offender to the Class C felony of robbery in exchange for a three-year sentence in the community corrections program.

It was only after all of the plea bargain arrangements had been agreed upon that the appellant met the assistant public defender who had been assigned to represent him in his case. Mr. Terry advised the assistant public defender that the appellant was desirous of changing his plea to guilty, and the assistant public defender obtained the appellant's signature on his petition to enter a plea of guilty.

Accordingly, on September 30, 1994, the petitioner entered his plea of guilty to the offense of robbery and was sentenced by the trial court to a term of three years in the Westate Corrections Network. During the plea acceptance hearing, the following colloquy occurred between the trial court and the appellant:

> Q. Are you telling the court that you are guilty of the crime to which you are pleading guilty?

---

[2]We are troubled by the role which Joe Terry played in this case. Although Mr. Terry was responsible for negotiating a successful plea for the appellant, he came perilously close to practicing law without a license.

A.   Yes, sir.

Q.   Has your attorney advised you about your plea of guilty?

A.   Yes, sir.

Q.   Are you satisfied with your attorney?

A.   Yes, sir.

On November 28, 1994, Westate Corrections filed a petition alleging that the appellant had violated the terms and conditions of his behavioral contract agreement. A hearing was held on December 5, 1994, and the appellant was found guilty of violations and was resentenced to the Tennessee Department of Correction for three years.

On March 29, 1995, the appellant filed this *pro se* petition for post-conviction relief. He alleged that his guilty plea was entered involuntarily and unknowingly. He averred that he was coerced and pressured into entering the guilty plea because his attorney had not contacted any of his witnesses and had prepared no defense on his behalf.

Following an evidentiary hearing on October 20, 1995, the trial court found that the appellant had in fact furnished the public defender's office with the names of alibi witnesses, but he furnished those names for the first time on the morning of September 30, 1994. The court further found that on that same morning the appellant requested that his attorneys negotiate a plea bargain agreement for alternative sentencing, which was done, and that the appellant voluntarily and knowingly entered his plea of guilty.

Although no one from the public defender's office interviewed any of the appellant's alibi witnesses, Mr. Terry testified that those witnesses would have been interviewed and subpoenaed, if necessary, for the trial, which was scheduled almost two months later. The trial court found that since the appellant desired to enter a plea

4

of guilty rather than proceeding to trial, there was no requirement for those witnesses to be interviewed.

In order to prevail on a claim of ineffective assistance of counsel, a petitioner "must show that counsel's representation fell below an objective standard of reasonableness" and that this performance prejudiced the plea process. Strickland v. Washington, 466 U.S. 668, 687-88, 692, 694, 104 S. Ct. 2053, 2064, 2067-68, 80 L. Ed. 2d 674 (1984); Best v. State, 708 S.W.2d 421, 422 (Tenn. Crim. App. 1985). In the context of a challenge to a plea of guilty, the petitioner must be able to demonstrate a reasonable probability that, but for counsel's errors, he would not have pled guilty and would have insisted on going to trial. See Hill v. Lockart, 474 U.S. 52, 59, 106 S. Ct. 366, 370, 88 L. Ed. 2d 203 (1985); Bankston v. State, 815 S.W.2d 213, 215 (Tenn. Crim. App. 1991).

"In post-conviction relief proceedings the petitioner has the burden of proving the allegations in his or her petition by a preponderance of the evidence." McBee v. State, 655 S.W.2d 191, 195 (Tenn. Crim. App. 1983). Furthermore, the factual findings of the trial court in hearings "are conclusive on appeal unless the evidence preponderates against the judgment." State v. Buford, 666 S.W.2d 473, 475 (Tenn. Crim. App. 1983).

Our review of the record reveals that the appellant has failed in his burden of overcoming the findings of the trial court. The appellant contends that he was coerced into entering a plea of guilty because his counsel had failed to interview his alibi witnesses. We find this argument without merit for the reason that the appellant insisted on entering his plea of guilty only a few minutes after advising his defense of the identity of his alibi witnesses, thereby denying his counsel the opportunity to interview them. The evidence is undisputed that had the appellant continued in his desire to go to trial, there would have been ample time for the witnesses to be interviewed and subpoenaed to testify if necessary. Moreover, the appellant failed to

5

bring any of those witnesses to the post-conviction hearing to testify about any alibi the appellant had. Without knowing what the witnesses' testimony would have been, this Court cannot say that the appellant suffered any prejudice as required by Strickland, 466 U.S. at 687-88, 692, 694, 104 S. Ct. at 2064, 267-68, 80 L. Ed. 2d 674 (1984).

Finally, the appellant contends that he did not knowingly and voluntarily enter his guilty plea because his counsel did not properly advise him of his rights. It is elementary that a guilty plea must be knowing, voluntary, and intelligent to be constitutionally valid. Boykin v. Alabama, 395 U.S. 238, 243, 89 S. Ct. 1709, 1712, 23 L. Ed. 2d 274 (1969). In Tennessee, to insure that all guilty pleas entered into are constitutionally valid, trial judges are required to follow a specific procedure when accepting guilty pleas. Tenn. R. Crim. P. 11; State v. Mackey, 553 S.W.2d 337 (Tenn. 1977). Here, the trial court scrupulously followed the requirements dictated by the rules of criminal procedure and Mackey. Therefore, even though the appellant's counsel may not have advised appellant of his rights prior to the appellant's guilty plea, he suffered no prejudice in that respect.

Accordingly, we affirm the trial court's dismissal of the appellant's petition for post-conviction relief.

_____
WILLIAM M. BARKER

CONCUR:


_____
GARY R. WADE, JUDGE


_____
DAVID G. HAYES, JUDGE

6